**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Paul Bame )<br>520 North Sherwood #18 )<br>Ft. Collins, Colorado 80521 )<br>)<br>Gregory Keltner )<br>945 Williamson St. )<br>Madison, Wisconsin 53703 )<br>)<br>Ivan Welander )<br>18772 Gays View Rd. )<br>Gays Mills, Wisconsin 54631 )<br>)<br>Plaintiffs, )<br>on behalf of themselves and all )<br>other similarly situated )<br>)<br>vs. )<br>)<br>John F. Clark, )<br>In his official capacity as )<br>Acting Director )<br>United States Marshal's Service )<br>600 Army Navy Drive )<br>Arlington, VA 22202-4210 )<br>)<br>George B.Walsh, )<br>in his official capacity as the )<br>United States Marshal for the )<br>District of Columbia, )<br>U.S. Courthouse )<br>333 Constitution Avenue, N.W. )<br>Washington, D.C. 20001 )<br>)<br>Todd Walther Dillard )<br>In his individual capacity )<br>(Former United States Marshal for )<br>the District of Columbia, D.C.) )<br>5414 Freelark Place )<br>Columbia, MD 21045 )| Civil Action No. |

1

|                                         |     |
| --------------------------------------- | --- |
|                                         | )   |
| John Does No. 1 to 15                   | )   |
| United States Deputy Marshals for       | )   |
| the District of Columbia, D.C.          | )   |
| Superior Court for the District of      | )   |
| Columbia                                | )   |
| 500 Indiana Ave., N.W.                  | )   |
| Washington, D.C.  20001                 | )   |
|                                         | )   |
| Defendants.                             | )   |
| _____        | )   |

## CLASS ACTION COMPLAINT
## FOR COMPENSATORY AND PUNITIVE DAMAGES

1.      Plaintiffs Paul Bame, Ivan Welander, and Greg Keltner bring this action on their own

behalf and on behalf of all other men who were arrested on September 27, 2002 during

several large protests involving hundreds of people in downtown Washington, D.C, and

who were subjected to an unlawful strip search as described herein. On September 28,

2002, several hours following their arrest, the men were subjected to unlawful strip

searches by defendants deputy U.S. Marshals acting under the supervision of Todd

Dillard, then the U.S. Marshall for the District of Columbia. The strip searches were

conducted without reasonable, particularized, individualized suspicion in violation of

their Fourth Amendment right to be free of unreasonable searches and seizures.


## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action and plaintiffs' 42 U.S.C. §1983 and *Bivens*

claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

3.      Venue is appropriate in this District because each of the claims for relief arose in this

2

judicial district.

## PARTIES PLAINTIFF

4.     Plaintiff Paul Bame was arrested on charges of "incommoding"  and two other minor infractions during a mass protest in Washington, D.C. on September 27, 2002. He was arrested by officers of the Metropolitan Police Department of the District of Columbia ("D.C. Police"), or officers of police departments acting under the supervision of the D.C. Police.

   a.     After his arrest he was initially held in custody of the D.C. Police and then was transferred to the custody of deputy U.S. Marshals and held in their custody for several hours lasting into September 28, 2002.

   b.     While held in custody of the U.S. Marshals, several deputies conducted a strip search on him in the presence of eight to twelve other male arrestees, who were strip searched at the same time.  The search performed on him was conducted without the deputies having any individualized, reasonable suspicion upon which to base a search.

   c.     He was released a few hours later after appearing before a judge at the federal courthouse.  He was not required to post bond.

   d.     He is an adult resident of the State of Colorado.

5.     Plaintiff Greg Keltner was arrested during a mass protest in Washington, D.C. on September 27, 2002. He was arrested by D.C. police officers, or officers of police departments acting under the supervision of the D.C. Police.

   a.     After his arrest he was initially held in custody of the D.C. Police and then was

3

transferred to the custody of deputy U.S. Marshals and held in their custody for several hours lasting into September 28, 2002.

b.     While held in custody of the U.S. Marshals, several deputies conducted a strip search on him in the presence of eight to twelve other male arrestees, who were strip searched at the same time.  The search performed on him was conducted without the deputies having any individualized, reasonable suspicion upon which to base a search.

c.     He was released a few hours later without being brought before a judge and without posting bond.

d.     He is an adult resident of the State of Wisconsin.

6.     Plaintiff Ivan Welander was arrested during a mass protest in Washington, D.C. on September 27, 2002. He was arrested by D.C. police officers, or officers of police departments acting under the supervision of the D.C.  Police.

a.     After his arrest he was initially held in custody of the D.C. Police and then was transferred to the custody of deputy U.S. Marshals and held in their custody for several hours lasting into September 28, 2002.

b.     While held in custody of the U.S. Marshals, several deputies conducted a strip search on him in the presence of eight to twelve other male arrestees, who were strip searched at the same time.  The search performed on his was conducted without the deputies having any individualized, reasonable suspicion upon which to base a search.

c.     He was released a few hours later without being brought before a judge and

without posting bond.

d.      He is an adult resident of the State of Wisconsin.

## PARTIES DEFENDANTS

7.    Defendant John F. Clark, is sued in his official capacity as the Acting Director of the

United States Marshal's Service ("USMS"), which is an agency of the United States

Government.

8.    Defendant George B. Walsh is sued in his official capacity as the United States Marshall

for the District of Columbia.

9.     Todd Walther Dillard was the United States Marshall for the District of Columbia at all

times relevant to this action.  He is sued in his individual capacity.

10.    Defendants John Does 1 through 15 were, or are, deputy United States Marshals at all

times relevant to this action.  They are each sued in their individual capacity.

## CLASS ACTION ALLEGATIONS

11.    Named plaintiffs bring this action under Fed. R. Civ. Pro. Rules 23(a) and 23(b)(3) on

behalf of the class consisting of:

a.      each man who was: (1) arrested on September 27, 2002 by the D.C. Police

officials during a series of mass protests in downtown Washington, D.C.; (2)

remanded by D.C. Police, following that arrest, into the custody of the U.S.

Marshal for the District of Columbia prior to being released; and (3) subjected by

deputy U.S. Marshals to a strip, visual, body cavity search without any

particularized or individualized reasonable suspicion that he was concealing

drugs, weapons or other contraband; (4) excluding, however, all men arrested

5

within the confines of Pershing Park on September 27, 2002.

12.     The class is so numerous that joinder of all members is impracticable.  The exact number of the class membership is not known.  However, records of the D.C. Superior Court dated September 28, 2002, entitled "IMF Mass Protest Lock Up List" list at least ninety men.  On information and belief, at least half this number were arrested at mass protests other than at Pershing Park.  Thus, this class consists of at least 45 men, and possibly more than one hundred men.

13.     The class is manageable in that all members of the proposed class will be identifiable from records in the possession of defendants, and from other official records.

14.     There are questions of fact and law which are common to all class members, and common to the claims of the named plaintiffs, including:

    a.      What were the nature and extent of the strip searches conducted on every member of the plaintiffs class?

    b.      Whether the searches conducted by defendants on the plaintiff class members comported with the standards provided under the Fourth Amendment to the United States Constitution?

    c.      What policies, customs, or practices resulted in the defendants conducting strip searches on the plaintiff class members?

    d.      Whether the U.S. Marshal's Service, the United States Marshal in his official capacity, or former Marshal Dillard in his individual capacity, were deliberately indifferent to the rights of the class members by failing to train their staff concerning reasonable search procedures, sufficient to give rise to a claim against

him under 42 U.S.C. §1983?

e. Whether the law in the District of Columbia was sufficiently clearly established as of September, 2002 with regard to the legality of the strip searches conducted by defendants, such that the defendants are not protected by any qualified immunity?

f. Whether the class members sustained damages and, if so, the proper measure of such damages?

g. Whether Defendants were acting as an agent of or in joint action with the District of Columbia, or otherwise acting under color of D.C. law?

15. The named plaintiffs will fairly and adequately represent and protect the interests of the class.

a. Named plaintiffs' claims are typical of the claims of all class members in that they were each subjected to unlawful strip searches during the same mass arrest episode of custody as the other class members, each of whom suffered a similar strip search;

b. Named plaintiffs have no conflicts with the other class members;

c. There are no individual questions on the issue of liability, since every member of the plaintiff class was subjected to a blanket strip search.

16. Named plaintiffs have retained counsel who have handled complex federal court class actions in various issue areas, including claims for unlawful strip searches of prisoners.

a. Lynn E. Cunningham has practiced law in the District of Columbia for thirty years and handled successful class action litigation in the areas of welfare rights, health benefits, housing rights, as well as prisoner's rights.

b.     Zachary Wolfe has practiced law for four years in the District of Columbia,

handling a variety of cases, including successfully challenging illegal police

actions with regard to public protests in D.C..

## GENERAL FACTUAL ALLEGATIONS

17.     On September 27, 2002, hundreds of persons, including plaintiff class members, staged a

mass protest of certain federal agency policies in various locations in downtown

Washington, D.C., including outside the International Monetary Fund headquarters, and

various government agency and corporate headquarters buildings.

18.     Hundreds of protestors, including plaintiff class members, were arrested by D.C. Police

officers, and police officials from other agencies acting under the direction of D.C.

police, and under the police powers of the Government of the District of Columbia.

19.     After being held in the custody of the D.C. Police for many hours, the plaintiff class

members and other arrestees were remanded by D.C. Police officials to the defendants

during the night of September 27, 2002 and then held in custody at the United States

Courthouse for the District of Columbia, awaiting arraignment on the criminal charges

lodged against them.

20.     Plaintiffs and plaintiff class members were held in the custody of USMS, and in the

physical custody of the individual defendants until the charges alleged against them could

be determined, judicially or otherwise.  This determination occurred during the day on

September 28, 2002.

21.     While in the custody of the USMS, each and every plaintiff class member, and other

arrestees, was subjected to strip searches in spite of the marshals having no individualized

reasonable suspicion for doing so.

22. On information and belief, defendant Dillard and the USMS deputies conducted the uniform, blanket strip searches of each and every class member male arrestee on September 28, 2002 pursuant to an official USMS custom, policy or practice.

23. The strip searches conducted on the plaintiffs and plaintiff class members entailed the following actions:

   a.   Small teams of defendants took aside small groups of eight to twelve plaintiff class members into a separate holding area;

   b.   Plaintiffs were ordered to drop their trousers and underpants, face a wall, and to squat down and cough in front of the deputy marshals;

   c.   No contraband was found on any class member;

   d.   On information and belief, no records were made by the defendants of the results of the strip searches.

24. The strip searches were intimidating, humiliating, and subjected each class member to strong emotional distress.

25. Within a few hours after the strip searches were conducted, each class member was released either under bond, after pleading guilty to a minor offense such as failure to obey a police officer or "incommoding," or without any charge being advanced against him.

26. No class member was tried or convicted of any felony or crime involving violence or drug charges in connection with the arrests on September 27, 2002.

27. Both male and female protest arrestees were subjected to the searches. On information and belief, the women's claims with regard to strip searches are addressed under separate

litigation.

28.    On information and belief, claims of persons arrested at Pershing Park protests on that

day are also addressed under separate litigation.

**CLAIM ONE – *BIVENS* PERSONAL LIABILITY OF
FORMER UNITED STATES MARSHALL TODD WALTHER DILLARD
AND OF UNITED STATES MARSHALL SERVICE
EMPLOYEES DOES 1-15 FOR
VIOLATION OF FOURTH AMENDMENT RIGHTS.**

29.    Plaintiffs re-allege and reincorporate paragraphs 1 through 28 herein.

30.    Named plaintiffs and every member of the plaintiff class have a right protected under the

Fourth Amendment to the United States Constitution not to be subjected to unreasonable

searches and seizures by persons acting under United States and District of Columbia

governmental authority.

31.    The said protection includes the right of an arrestee held on a non-drug, non-violent

offense in police custody not to be subjected to a strip search in the absence of an

individualized, reasonable suspicion on the part of the searching officer that there is a

basis for the search.

32.    Defendants Dillard and John Does numbers 1 through 15 violated that right, while acting

in their capacity as U.S. Marshal and deputy U.S. Marshals by conducting on each named

plaintiff and each member of the plaintiff class a search on September 28, 2002,

consisting of the one or more of the defendants personally ordering each individual

plaintiff to remove his clothing and exposing private parts of his body to a full visual

inspection by one or more of the defendants, in the presence of other class members.

33.    The defendants conducted the said searches in the absence of any reasonable,

individualized suspicion that any plaintiff was secreting any form of contraband on his person.

34.     Defendants violated clearly established law in conducting the searches:

    a.     Washington, D.C. had been the site of large scale protests for decades prior to September, 2002.

    b.     These protests have resulted many times in arrests of large numbers of protestors.

    c.     Courts had ruled in previous decades on the proper standards for the police treatment of arrested protestors, and held that certain forms of highly intrusive searches of such arrestees' persons were violative of Fourth Amendment standards.

    d.     As a result, the law governing what constitutes a reasonable ground for strip searching a prisoner had, as of 2002, long been clearly established in the District of Columbia, and, in particular, the illegality of conducting strip searches without any individualized, reasonable suspicion upon which to ground the searches.

    e.     The defendants conducted the searches when acting under governmental authority.

    f.     The defendants had fair notice of the applicable legal standard for the conduct of strip searches of prisoners. The plaintiffs were non-violent, non-felon, non-drug-related prisoners, who had been arrested in the course of a peaceful protest against government policies.

    g.     All the searches were highly invasive strip searches

35.     There are no special factors to suggest to that the Court should decline to provide a

special cause of action or a remedy for the defendants' violations of plaintiffs' rights.

36.     Individual defendants are each individually and directly liable under the Fourth Amendment to each member of the plaintiff class for monetary damages for the injuries caused by defendants' conduct.

37.     The claim entails an appropriate, judicially manageable remedy, namely, money damages which may be imposed on each of the defendants individually.

### CLAIM TWO — INDIVIDUAL DEFENDANTS' PERSONAL LIABILITY UNDER 42 U.S.C. §1983 FOR VIOLATION OF THE PLAINTIFFS' FOURTH AMENDMENT RIGHTS

38.     Plaintiffs re-allege and reincorporate paragraphs 1 through 37 herein.

39.     Defendants, in addition to being employees of the federal government, were at all relevant times acting as agents of, or in joint action with, the District of Columbia, for the purposes of assisting the D.C. police in the conduct of police operations during the mass protests which occurred on September 27, 2002.

40.     The U.S. Marshal for the District of Columbia derived his authority over the plaintiff class while they were in custody of the USMS and the deputy marshals pursuant to statutes of the District of Columbia, including D.C. Code §§ 13-302, 16-703, 23-501, 23-561, and 23-581 and cooperative agreements entered into between the U.S. Marshals Service and the Government of the District of Columbia pursuant to D.C. Code § 5-133.17.

41.     The operations of the USMDC are funded in part by the District of Columbia.

42.     The USMDC and his deputies acted at all relevant times as the agents of, or in joint action with, the Government of the District of Columbia.

12

43.    Individual defendants were following USMS policy, customs, and practices, which were the moving force behind the deprivations of the plaintiff class members' Fourth Amendment rights.

44.    At all relevant times individual defendants were acting within the scope of their employment, their acts were motivated by a desire to further the interests of the USMS, and such individuals were acting in furtherance of the business of the USMS.

45.    Individual defendants proceeded under color of District of Columbia law to assume and retain custody of the plaintiffs and all members of the plaintiff class following their custody of the D.C. Police.

46.    Individual defendants proceeded under color of District of Columbia law to conduct the aforementioned strip searches of the plaintiffs and all members of the plaintiff class.

47.    Individual defendants are therefore liable under 42 U.S.C.§ 1983 for monetary damages for subjecting all members of the plaintiff class to violations of their Fourth Amendment rights to be free of unreasonable searches and seizures.

**CLAIM THREE — OFFICIAL CAPACITY LIABILITY OF
JOHN CLARK OF THE UNITED STATES MARSHALS' SERVICE
AND UNITED STATES MARSHALL WALSH
UNDER 42 U.S.C. §1983 FOR VIOLATION OF
THE PLAINTIFFS' FOURTH AMENDMENT RIGHTS
– FAILURE TO TRAIN**

48.    Plaintiffs re-allege and reincorporate paragraphs 1 through 47 herein.

49.    USMS training of the deputy marshals was inadequate as to the well established legal standards with regard to what constitutes a lawful search of a prisoner, such that the deputies' handling of the custody and searches were clearly violative of plaintiffs' rights.

50.    The USMS and the U.S. Marshall, in his official capacity, showed deliberate indifference

13

to the rights of the plaintiffs and the plaintiff class members by failing to train the deputy marshals responsible for the custody of the plaintiff class members concerning the procedures required for searches of protestors held in custody under Fourth Amendment standards.

51.     The violations on September 28, 2002 of plaintiffs' Fourth Amendment rights were foreseeable because of the USMS's and the U.S. Marshal's failures to train the deputy marshals who conducted the searches.

52.     The USMS and the U.S. Marshall were proceeding under color of D.C. law to hold and detain the plaintiffs and members of the plaintiff class on September 28, 2002, and as such were agents of, or in joint action with, the District of Columbia.

53.     The USMS and the U.S. Marshall are liable to the plaintiffs under the Fourth Amendment, enforced under 42 U.S.C. §1983, for money damages arising from the injuries suffered by the named plaintiffs and by each member of the plaintiff class as a result of the unlawful strip searches.

**CLAIM FOUR — OFFICIAL CAPACITY LIABILITY OF
JOHN CLARK OF THE  UNITED STATES MARSHALS' SERVICE
AND UNITED STATES MARSHALL WALSH
UNDER 42 U.S.C. §1983 FOR VIOLATION OF
THE PLAINTIFFS' FOURTH AMENDMENT RIGHTS
– UNLAWFUL OFFICIAL CUSTOM, POLICY, OR PRACTICE**

54.     Plaintiffs re-allege and reincorporate paragraphs 1 through 53 herein.

55.     On information and belief, the USMS deputies proceeded on September 28, 2002 to conduct strip searches on the plaintiffs and plaintiff class members pursuant to a long-standing custom, practice, or policy of the USMS of conducting such searches on persons in USMS custody following arrests in the District of Columbia during politically

14

grounded, mass protests.

56.    The USMS and the U.S. Marshall were proceeding under color of D.C. law to hold and

detain the plaintiffs and members of the plaintiff class on September 28, 2002, and as

such were agents of or in joint action with the District of Columbia.

57.    The USMS and the U.S. Marshall are liable to the plaintiffs under the Fourth

Amendment, enforced under 42 U.S.C. §1983, for money damages arising from the

injuries suffered by the named plaintiffs and by each member of the plaintiff class as a

result of the unlawful strip searches.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

A.    Enter an Order authorizing this matter to proceed as a class action, and certifying

named plaintiffs Paul Bame, Ivan Welander, and Greg Keltner as representative

plaintiffs, and designating the undersigned as class counsel, on behalf of the

following class:

each man who was: (1) arrested on September 27, 2002 by the D.C. Police

officials during a series of mass protests in downtown Washington, D.C.; (2)

remanded by D.C. Police, following that arrest, into the custody of the U.S.

Marshal for the District of Columbia prior to being released; and (3) subjected by

deputy U.S. Marshals to a strip, visual, body cavity search without any

particularized or individualized reasonable suspicion that he was concealing

drugs, weapons or other contraband; (4)  excluding, however, all men arrested

within the confines of Pershing Park on September 27, 2002.

B.      Award each plaintiff class member compensatory and consequential damages in an

amount to be determined;

C.      Award plaintiffs attorneys' fees and costs incurred in bringing this action under 42

U.S.C. §1988 and any other applicable provision of law;

D.      Grant such other and further relief as this Court deems just and proper.

## JURY DEMAND

Trial by jury is demanded on all issues for which a jury trial is available.

Respectfully submitted,

_____
Lynn E. Cunningham, Esq.
D.C. Bar No. 221598
P.O.  Box 1547
Dubois, Wyoming 82513
Phone: 307-455-3334/3374
Fax: 307-455-3334
Email: lcunningham@law.gwu.edu

_____
Zachary Wolfe, Esq.
D.C. Bar No. 463548
People's Law Resource Center
1725 I Street, NW, Suite 300
Washington, DC 20006
Phone: 202-265-5965
Fax: 202-250-6712
email: zwolfe@PeoplesLawResourceCenter.org