```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

PAUL BAME, et al.,                  )
                                    )
        Plaintiffs,                 )
                                    )
    v.                              ) Civil Action No. 05-1833 EGS
                                    )
JOHN F. CLARK, et al.,              )
  Acting Director,                  )
  U.S. Marshals Service,            )
                                    )
        Defendants.                 )
_____)
```

ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION
COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

Defendants John F. Clark, Steve Conboy and Todd Dillard hereby answer the amended complaint in the above action as follows:

FIRST DEFENSE

The Court lacks subject matter jurisdiction over some or all of the claims asserted in the Amended Complaint, which are moot.

SECOND DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

THIRD DEFENSE

With respect to the allegations against United States Marshals Service personnel in their individual capacities, this action is barred by qualified immunity.

### FOURTH DEFENSE

Claims asserted in the Amended Complaint are barred by sovereign immunity.

### FIFTH DEFENSE

Plaintiffs have asserted claims that are barred by the statute of limitations.

### SIXTH DEFENSE

Defendants Clark, Conboy and Dillard respond to the enumerated allegations under each paragraph of the Amended Complaint by the corresponding enumerated paragraphs below. The headings have been reproduced for ease of reference only and Defendants do not admit that they are accurate.

1. This paragraph represents Plaintiffs' characterization of the case to which no response is required. To the extent that a response is deemed required, defendants deny the allegations of this paragraph.

### JURISDICTION AND VENUE

2. The allegations contained in this paragraph consist of averments of jurisdiction, legal conclusions to which no response is required. To the extent to which a response is deemed required, Defendants deny the allegations of this paragraph.

3. The allegations contained in this paragraph consist of

averments of venue, legal conclusions to which no response is required.  To the extent to which a response is deemed required, Defendants deny the legal conclusion in this paragraph, and deny any implication that any valid claim exists, but admit that the allegations appear to involve matters alleged to have taken place in this district.

## PARTIES PLAINTIFF

4.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny the allegations.

    a.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny the allegations.

    b.  Defendants deny the allegations of this paragraph.

    c.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefor deny the allegations.

    d.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefor

deny the allegations.

5. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny the allegations.

    a. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny the allegations.

    b. Defendants deny the allegations of this paragraph.

    c. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny the allegations.

    d. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny the allegations.

6. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny the allegations.

    a. Defendants lack sufficient knowledge or

information to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny the allegations.

    b.  Defendants deny the allegations of this paragraph.

    c.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny the allegations.

    d.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny the allegations.

## PARTIES DEFENDANTS

7.  Defendants admit that Defendant John F. Clark is sued in his official capacity as Acting Director of the U.S. Marshals Service.  Defendants deny that the U.S. Marshals Service is an agency of the United States Government.

8.  Defendants admit the allegations of this paragraph.

9-10.  Defendants deny the allegations of these paragraphs.

## CLASS ACTION ALLEGATIONS

11-15.  The allegations contained in these paragraphs

consist of a conclusion of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

16.  This paragraph and its sub-paragraphs consist of legal conclusions as to qualifications of Plaintiffs' attorneys to which no response is required.  To the extent that a response is deemed required, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations of these paragraphs. Accordingly, these allegations are denied.

                    GENERAL FACTUAL ALLEGATIONS

17.  Defendants admit only that on September 27, 2002, hundreds of persons staged protests in various locations in downtown Washington, DC, including outside the International Monetary Fund headquarters, and various government agency and corporate headquarters buildings.

18.  Defendants admit that hundreds of protestors were arrested by DC police officers and police officials from other agencies.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore deny the allegations.

19-22.  Defendants deny the allegations of these paragraphs.

23a-b.  Defendants deny the allegations of these portions of the paragraph.

23c.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this portion of the paragraph and therefore, Defendants deny.

23d-e.  Defendants deny the allegations of these portions of the paragraph.

24-25.  Defendants deny the allegations of these paragraphs.

26-27.  Defendants lack sufficient knowledge to form a belief as to the truth of the allegations of these paragraphs, and therefore deny the allegations.

28.  Defendants deny the allegations of the first sentence of this paragraph.  The last sentence of this paragraph contains a characterization of the state of knowledge of the plaintiffs, which requires no response.  To the extent that a response is deemed required, Defendants deny the allegations, except to admit the existence of another civil action involving allegations of strip searches while plaintiffs were allegedly being held in the Superior Court cell block, <u>Dianna Johnson</u>, <u>et al.</u> v. <u>District of Columbia</u>, <u>et al.</u>, Civil Action No. 02-2364 RMC.

29.  This paragraph contains a characterization of the state of knowledge of the plaintiffs, which requires no response.  To the extent that a response is deemed required, Defendants deny the allegations, except to admit the existence of other civil actions involving allegations of arrests and treatment of other individuals on September 27-28, 2002, following their alleged

arrests at Pershing Park, <u>Raymond Chang</u>, <u>et al.</u> v. <u>United States</u>, <u>et al.</u>, Civil Action No. 02-2010 EGS, <u>Jeffrey Barham</u>, <u>et al.</u> v. <u>Charles Ramsey</u>, <u>et al.</u>, Civil Action No. 02-2283 EGS.

CLAIM ONE - *BIVENS* PERSONAL LIABILITY OF
FORMER UNITED STATES MARSHAL TODD WALTHER DILLARD
AND OF UNITED STATES MARSHALS SERVICE
EMPLOYEES DOES 1-15 FOR
VIOLATION OF FOURTH AMENDMENT RIGHTS

30.  Defendants incorporate herein the responses to the allegations in paragraphs 1 to 29 above.

31-32.  These paragraphs consist of conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

33-34.  Defendants deny the allegations of these paragraphs.

35-38.  These paragraphs and sub-paragraphs consist of conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations.

CLAIM TWO - INDIVIDUAL DEFENDANTS' PERSONAL LIABILITY
UNDER 42 U.S.C. § 1983 FOR VIOLATION OF
THE PLAINTIFFS' FOURTH AMENDMENT RIGHTS

39.  Defendants incorporate herein the responses to the allegations in paragraphs 1 to 38 above.

40.  This paragraph consists of a conclusion of law to which no response is required.  To the extent that a response is deemed

required, Defendants deny the allegations.

41. Defendants deny that the cited statutes and agreements constitute the source or sole source of the authority under which the Defendants were acting at the relevant time.

42-43. Defendants deny the allegations of these paragraphs.

44. Defendants admit that while working for the United States Marshals Service they would follow its policies, customs and/or practices, but deny any implication that doing so resulted in depriving the plaintiffs of their rights.

45. Defendants admit the allegations of this paragraph.

46-48. These paragraphs consist of conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations.

CLAIM THREE - OFFICIAL CAPACITY LIABILITY OF
JOHN CLARK OF THE UNITED STATES MARSHALS SERVICE
AND UNITED STATES MARSHAL
STEVE CONBOY UNDER 42 U.S.C. § 1983 FOR VIOLATION OF
THE PLAINTIFFS' FOURTH AMENDMENT RIGHTS
- FAILURE TO TRAIN

49. Defendants incorporate herein the responses to the allegations in paragraphs 1 to 48 above.

50-54. These paragraphs consist of conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations.

CLAIM FOUR - OFFICIAL CAPACITY LIABILITY OF
JOHN CLARK OF THE UNITED STATES MARSHALS SERVICE
AND UNITED STATES MARSHAL
STEVE CONBOY UNDER 42 U.S.C. §1983 FOR VIOLATION OF
THE PLAINTIFFS' FOURTH AMENDMENT RIGHTS
- UNLAWFUL OFFICIAL CUSTOM, POLICY OR PRACTICE

55. Defendants incorporate herein the responses to the allegations in paragraphs 1 to 54 above.

56. This paragraph contains a characterization of the state of knowledge of the plaintiffs, which requires no response. To the extent that a response is deemed required, Defendants deny the allegations.

57-58. These paragraphs consist conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations.

PRAYER FOR RELIEF/JURY DEMAND

The remaining allegations in the Amended Complaint consist of plaintiffs' prayer for relief and demand for a jury trial to which no response is necessary, but to the extent one may be deemed required, the allegations are denied; and defendants deny that plaintiffs are entitled to the relief requested or to any relief whatsoever.

Defendants deny each and every allegation of the amended complaint that is not specifically admitted herein.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

OF COUNSEL:

WILLIAM E. BORDLEY, ESQ.
Associate General Counsel
United States Marshals Service

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Answer To Plaintiffs' First Amended Class Action Complaint For Compensatory And Punitive Damages has been made through the Court's electronic transmission facilities on this 2d day of February, 2006.

 

W. MARK NEBEKER
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530
(202) 514-7230