## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Paul Bame, et al.,                                  )
                                                    )
      Plaintiffs,                              )          Civil Action No. 05-1833(RMC)
                                                    )          No hearings scheduled
           v.                             )
                                                    )
John F. Clark, et al.,                              )
                                                    )
      Defendants.                              )
_____)

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs, by counsel, hereby move for certification of the proposed class herein pursuant

to FRCP Rule 23(a) and (b)(3).

The proposed class consists of the following persons:

> All men who were: (1) arrested on September 27, 2002 by the D.C. Police
> officials during a series of mass protests in downtown Washington, D.C.; (2)
> remanded by D.C. Police, following that arrest, into the custody of the U.S.
> Marshal for the District of Columbia prior to being released; and (3) subjected by
> deputy U.S. Marshals to a strip, visual, body cavity search without any
> particularized or individualized reasonable suspicion that he was concealing
> drugs, weapons or other contraband; (4) excluding, however, all men arrested
> within the confines of Pershing Park on September 27, 2002.

The grounds for this motion are, first, the number of persons in the class are so numerous,

i.e., over 90 men, that class treatment is the most effective means of adjudicating their claims

against defendants.  Second, named plaintiffs and all the class members share siginifcant

common issues in their claims, and these issues predominate over any issues pertaining to any

individual plaintiffs.  Third, the claims of the named plaintiffs are typical of the claims of the

class as a whole.  Fourth, the named plaintiffs and their counsel will adequately represent the

class.  Counsel are experienced in handling class action litigation.  Finally, for purposes of

treatment of the class claims under Rule 23(b)(3), the class is manageable, notice to the class can

be readily achieved, and the issue of how to treat individual damages does not predominate over

the other issues raised by plaintiffs' claims, making class treatment of these claims superior to

any other approach.

A memorandum of points and authorities and a proposed Order are submitted in support

this motion.

Plaintiffs' counsel have consulted by email with defense counsel, pursuant to Local Rule

7(m), as to whether defendants might consent to this motion, and they have not yet responded as

of the filing date of this motion.

Wherefore, plaintiffs' respectfully request that the Court grant this motion for class

certification.

Respectfully submitted,

/s/Lynn E. Cunningham
Lynn E. Cunningham, Esq.
D.C. Bar No. 221598
P.O.  Box 1547
Dubois, Wyoming 82513
Phone: 307-455-3334/3374
Fax: 307-455-3334
Email: lcunningham@law.gwu.edu


_____
Zachary Wolfe, Esq.
D.C. Bar No. 463548
People's Law Resource Center
1725 I Street, NW, Suite 300
Washington, DC 20006
Phone: 202 265 5965
email: zwolfe@peopleslawresourcecenter.org

CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, AND MEMORANDUM IN SUPPORT THEREOF, and a proposed Order has been made through the Court's electronic transmission facilities on counsel for all defendants on this 8th day of February, 2005.

/s/ Lynn E. Cunningham
Lynn E. Cunningham, Esq.
(D.C. Bar No. 221598)
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Paul Bame, et al.,                          )
                                            )
        Plaintiffs,                         )        Civil Action No. 05-1833(RMC)
                                            )
              v.                            )
                                            )
John F. Clark, et al.,                      )
                                            )
        Defendants.                         )
_____)

## PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

Plaintiffs, by counsel, hereby submit this memorandum in support of their motion for class certification pursuant to FRCP Rule 23(a) and (b)(3).

### Introduction and Factual Background

A proposed class of approximately 90 men seeks compensatory damages herein for their unlawful strip searches by deputy U.S. marshals. The men had been arrested by members of the D.C. Metropolitan Police Department (MPD), and cooperating police officers, at a large scale, widespread, political protest held in Washington, D.C. on September 27, 2002 near the headquarters for the International Monetary Fund. All the men were arrested for failing to obey police orders, or similar minor offenses, while protesting near the intersection of Connecticut Avenue and K Street, N.W. and nearby areas, other than Pershing Park where other protests were

4

held.[1]  Following their arrest, the men were held with arrestees from other protests for several hours in the custody of the D.C. police before being turned over to the custody of the deputy marshals, who are defendants herein.  The deputy marshals proceeded to hold them in custody for several additional hours, before conducting the strip searches complained of herein.  Shortly after the searches were conducted, the men appeared before D.C. Superior Court judicial officers, and were released upon "post and forfeit" or upon "citation release".  Several hundred other persons, men and women, were also arrested within Pershing Park, but they are not part of this action.  Some number of women were arrested with the proposed class of men, and they too are not part of this action because their claims are addressed in other litigation.[2]

Plaintiffs seek the Court's approval of a class defined as follows:

All men who were: (1) arrested on September 27, 2002 by the D.C. Police officials during a series of mass protests in downtown Washington, D.C.; (2) remanded by D.C. Police, following that arrest, into the custody of the U.S. Marshal for the District of Columbia prior to being released; and (3) subjected by deputy U.S. Marshals to a strip, visual, body cavity search without any particularized or individualized reasonable suspicion that he was concealing drugs, weapons or other contraband; (4) excluding, however, all men arrested within the confines of Pershing Park on September 27, 2002.

The proposed class of men herein are most likely members of the plaintiff class certified by this Court in one other suit against the D.C. government and certain of its officials, and various federal agencies and officials. *Diamond, et al. v. District of Columbia*, Civil Action 03-2005(EGS) (D.D.C., class certified March 3, 2004).  Moreover, additional related litigation has

---

1       The factual allegations recounted in this and the following two paragraphs are set forth in the Amended Complaint[8]. The Court has taken note of the widespread demonstrations in Washington, D.C. and related mass arrests in its opinion certifying classes in *Barham v Ramsey, and Chang et al. v U.S. et al*, 217 F.R.D. 262 (2003).

2       *Johnson et al. v. D.C. et al.*, Civil Action No. 02-2364 (RMC) where a class of female plaintiffs are challenging the long-standing practice of the marshals in D.C. of strip searching certain categories of female arrestees, but not male arrestees.

been filed to challenge other aspects of the police handling of other parts of the protest, particularly arrests occurring in Pershing Park. *Barham v Ramsey* and *Chang et al v. U.S. et al., supra*. However, none of these other actions entail the claims raised herein. In other words, none of the other suits raise claims for monetary damages against defendants herein, i.e., the U.S. Marshal in his official capacity, the U.S. Marshal's Service, former marshal Todd Dillard in his individual capacity, or the various unknown deputy marshals who actually conducted the searches on the proposed class of men arrested outside of Pershing Park on September 27, 2002. Paul Bame, Greg Keltner, and Ivan Welander, the three named plaintiffs herein, all were present with the other men and women at the protest at Connecticut and K Street or other nearby protest sites, were not arrested at Pershing Park on September 27, 2002, were arrested for minor offenses at protests outside of Pershing Park, and all were transferred from the custody of the MPD to the custody of the deputy U.S. marshals before being strip searched shortly before their court releases.

The parties in the related litigation as well as the Court, have had opportunity to develop aspects of the factual record with regard to the protests and arrests that occurred on September 27, 2002. That record need not be repeated in detail here. Nevertheless, that record, insofar as it has been developed thus far, corroborates the essentials of the allegations made in the Amended Complaint herein [8]. The protests, of which the proposed class of men were a part, were political in nature, were non-violent, and involved engagement in free speech by the protestors. Police arrests of the protestors were either entirely illegal, or were arrests not for crimes that might serve as the basis for strip searches of the arrestees while in police custody. The arrestees were held in police custody, were not intermingled with other non-protesting arrestees, and all

6

were released without significant legal punishment, either in the form of being fined, or sentenced.

The Court has already certified classes in the "related" cases just mentioned.[3] There is every reason to certify the class herein as well, as this memorandum will demonstrate. Resolution of the class members' damages claims are best resolved on a class-wide, group basis. There are no individual questions on the issue of liability, because defendants treated all plaintiffs similarly, and, to plaintiffs' knowledge, did not keep records of the results of the searches. Once the plaintiffs establish the fact of the strip searches, and the existence of the policies and practices applied, the burden will fall on the defendants to demonstrate, as an affirmative defense, that particular searches were reasonable. *Mack v. Suffolk County*, 191 F.R.D. 16, 24 (D. Mass. 2000). Therefore, defendants can not show that any of the searches were conducted based on an individual determination of reasonable suspicion. On the issue of damages, the Court may bifurcate the liability phase of the case from the relief phase, as discussed below. Alternatively, the Court is empowered to conduct sample trials to determine the amount of damages due each class member, again as discussed below.

## LAW APPLICABLE TO THE CLASS;
## THE PROPOSED CLASS MERITS CERTIFICATION

### This and Other Courts Have Certified Classes in Similar Cases

Courts have regularly certified classes in arrest cases where arrestees challenge a policy or pattern of conduct of the arrest and initial detention procedures that affects all or an

ascertainable segment of an arrestee population. *Dellums v. Powell*, 566 F.2d 167 (D.C. Cir. 1977); *Washington Mobilization Cttee v. Cullinane*, 400 F. Supp. 186 (D.D.C. 1975), *aff'd in part, rev'd in part*, 566 F.2d 107 (D.C. Cir. 1977); *Savard v. Rhode Island*, 338 F.3d 23, 31 (1st Cir. 2003).

On facts parallel in relevant aspects to this case, other courts on many occasions have certified similar classes of pre-trial detainees subjected to unlawful strip searches.[4]  *Maneely v. City of Newburgh*, 208 F.R.D. 69 (S.D.N.Y. 2002)(certification granted of class challenging policy of conducting blanket strip searches of pretrial arraignment prisoners); *Mack v. Suffolk County*, 191 F.R.D. 16, 17 (D. Mass. 2000) (certification granted to class of female arrestees challenging a policy of subjecting all female arrestees to blanket strip searches);  *Johns v. DeLeonardis*, 145 F.R.D. 480 (N.D. Ill. 1992) (class certified where approximately twenty-five women were subjected to illegal strip search by Chicago police officers in a police raid).

Moreover, this and other Courts have certified classes of prisoners unlawfully strip searched during incarceration or pending release following a judicial finding that a prisoner was eligible for release.  *Tardiff v. Knox County*, 365 F.3d 1 (1st Cir. 2004)(affirming grant of class certification to class of detainees challenging jail strip search policies);  *Bynum v. District of Columbia*, 257 F. Supp. 2d 1 (D.D.C. 2002)(RCL)(class certified of in-custody defendants who were returned to DC Jail for out-processing and subjected to suspicionless strip searches after a

---

3       The Court in *Johnson v D.C., supra,* has denied the motion for class certification without prejudice because the matter was referred to mediation.
4       The classic definition of a strip search is the exposure of the naked body for inspection, the most invasive version of which is the visual body cavity strip search. *See e.g., Bell v. Wolfish*, 441 U.S. 520 (1979).

judge had ordered their release state a claim under the Fourth Amendment and the Fourteenth

Amendment); *Masters v. Crouch*, 872 F.2d 1248(6th Cir. 1989)(class relief upheld against

certain strip search practices);*Williams v. Block*, 2000 U.S. App. LEXIS 8979 (9th Cir. 2000))the

Ninth Circuit found class certification appropriate for the adjudication of prisoners' claims for

overdetention in the Los Angeles County jail); *Marriott v. County of Montgomery*, 2005 U.S.

Dist. LEXIS 5118, 23-25 (N.D.N.Y. 2005)(affirming denial of defendants' motion for summary

judgment and affirming entry of preliminary injunction enjoining county jail defendants from

conducting strip searches without reasonable suspicion of individuals being held in the

Montgomery County Jail for minor crimes or on civil matters); *later proceeding at*, *Marriott v.*

*County of Montgomery*, 228 F.R.D. 133, 2005 U.S. Dist. LEXIS 13727 (N.D.N.Y. 2005),

*affirmed*, 2005 U.S. App. LEXIS 25428 (2d Cir. 2005).  S*ee also, Blihovde v. St. Croix County*,

219 F.R.D. 607, 622 (D. Wis. 2003)(granting class certification to class of strip search plaintiffs);

*Mack v. Suffolk County*, 191 F.R.D. 16 (D. Mass. 2000); *Gary v. Sheahan*, 1999 U.S. Dist.

LEXIS 5616 (E.D. Ill. 1999) (District Court denied defendants' motion to decertify class of court

returns strip searched after being returned to jail after cases dismissed for purposes of damages);

*Doe v. Calumet City, Illinois*, 754 F. Supp. 1211(N.D. Illinois 1990) (summary judgment granted

to class of strip searched female arrestees).

  Judge Green certified a class of all current and future women inmates in the District of

Columbia Department of Corrections challenging guard on inmate sexual misconduct and other

prison conditions under Rule 23(a), 23(b)(1) and 23(b)(2).  *Women Prisoners of District of*

*Columbia Department of Corrections v. District of Columbia*, 877 F. Supp. 634, 635 (D.D.C.

December 13, 1994) *rev'd in part, aff'd in part*, 93 F.3d 910 (D.C. Cir. 1996) (certification of class not part of appeal).

### The Court's Authority to Certify Class Actions and Subclasses

Rule 23 provides for class action treatment of claims when the named plaintiffs can show that all the prerequisites of Rule 23(a) are satisfied, and that the class falls within one of the categories of Rule 23(b).[5] *Pigford v. Glickman*, 182 F.R.D. 341 (D.D.C. 1998); *Franklin v. Barry*, 909 F. Supp 21, 30 (D.D.C. 1995)(citing 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1759, at 102 (1986)).

Class actions have two primary purposes: (1) to accomplish judicial economy by avoiding multiple suits; and (2) to protect the rights of persons who might not be able to present claims on an individual basis. *See, e.g., Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983). The United States Supreme Court has endorsed the class action procedure as a superior method of adjudicating cases like this where there are numerous claims that are too small to litigate individually. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985)("Rule 23 is given liberal rather than restrictive construction, and courts are to adopt a standard of flexibility . . ."). *Sharif ex rel. Salahuddin v. New York State Educ. Dep't.*, 127 F.R.D. 84, 87 (S.D.N.Y. 1989).

---

[5]    The class in the instant case is likewise readily determinable and definable.  For discussions of the requirement in this circuit that this standard be met, *see, Franklin v. Barry*, 909 F. Supp. at 30; *Keepseagle v. Veneman*, 2001 U.S. Dist. LEXIS 25220, Civil Action No. 99-3119, mem. op. at 1011 (D.D.C. Dec. 12, 2001) (citations omitted);  *Barham v. D.C.*, 217 F.R.D. 262, 269 (D.D.C. 2003).

The rule's inherent flexibility, and the Court's ability to manage the litigation as it develops, counsel against decertification.

In this case, there is a clear and compelling need for class certification of plaintiffs' claims, since dozens of individuals have been subjected to unreasonable strip searches and the class members are widely dispersed geographically. Most of the cases would too small to be litigated individually. The District Court in *Maneely v. City of Newburgh*, 2002 U.S. Dist. LEXIS 8643 (S.D.N.Y.) granted certification of a class solely on the issue of whether defendant maintained a policy of conducting blanket strip searches of pretrial arraignment prisoners.

The plaintiffs propose the creation of a class in this case because the members share several common questions, primarily whether the defendants maintained a policy or practice of conducting blanket strip searches and visual body cavity searches on class members following their arrest on September 27, 2002. The plaintiffs propose the recognition of a class in this case, rather than filing separate actions, for reasons of manageability and judicial economy.

This strip search class is especially well suited to class treatment. Federal Courts in the District of Columbia, Boston, Chicago, as well as New York and Maine, have certified similar classes. *Mary Beth G. v. City of Chicago*, 723 F.2d 1263 (7th Cir. 1983); *Byum v. D.C., supra*; *Ford v. City of Boston*, 154 F.Supp.2d 131 (D.Mass.2001); *Gary v. Sheehan*, 1999 U.S. Dist. LEXIS 5616 (E.D. Ill. 1999), *appeal denied*, 188 F.3d 891 (7th Cir. 1999) (District Court denied defendants' motion to decertify class of court returns strip searched after being returned to jail after cases dismissed for purposes of damages); *Mack v. Suffolk County*, *supra*, 17 (District Court granted certification of class of female arrestees challenging a policy of subjecting all female arrestees to blanket strip searches); *Maneely, supra*.

11

The majority of District Courts deciding these cases have ruled that challenges to blanket strip search policy/practices involve common issues of law and fact.  *See Maneely, supra*; *Kennedy v. Los Angeles Police Dept.*, 901 F.2d 702 (9th Cir. 1989)(invalidating policy requiring visual body cavity searches of all felony arrestees regardless of reasonable suspicion), and the First Circuit says the rule applies to arrestees arrested on minor charges even when they will be held in a maximum security prison and intermingled with persons serving felony sentences, *Savard v. Rhode Island*, 338 F.3d 23, 26 (1st Cir. 2003)(holding policy of strip-searching persons arrested for non-violent, non-drug-related misdemeanors, in the absence of particularized suspicion, violated the Constitution, even where the arrestees will be intermingled with the general population in a maximum security prison, but granting qualified immunity to officers for searches that occurred before March 17, 2000).

### Presumptions applicable to motion for certification

In a class certification motion, plaintiffs' allegations in the complaint are taken as true, and inquiry into the merits of the case is improper except to determine whether there is a realistic claim.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974); *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92 (C.A.D.C. 2001) (citing *Eisen*, 417 U.S. at 177); *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975); *Bynum v. District of Columbia*, 214 F.R.D. 27, 31 (D.D.C. 2003); *Longden v. Sunderman*, 123 F.R.D. 547, 551 (N.D. Tex. 1988).

In a close case with respect to certification, a court should err on the side of certifying the class, because a class can always be decertified.  Rule 23(c)(1); *In re School Asbestos Litig.*, 789 F.2d 996, 1011 (3rd Cir. 1986), *cert. denied*, 479 U.S. 852 (1986).  *Esplin v. Hirschi*, 402 F.2d

94, 99 (10th Cir. 1968), *cert. denied*, 394 U.S. 928 (1969); *Daigle v. Shell Oil Co.*, 133 F.R.D. 600, 602 (D. Colo. 1990).

## PLAINTIFFS SATISFY RULE 23(A) PREREQUISITES TO CLASS CERTIFICATION

The requirements of F.R.C.P. Rule 23(a) are commonality, numerosity, typicality of claims, and adequacy of representation. The plaintiffs must meet the certification requirements independently. *Alexander v. FBI*, 971 F. Supp. 603 (D.D.C. 1997); *Pigford*, 182 F.R.D. 341, 346 (D.D.C. 1998).

### Plaintiffs Meet the Numerosity Requirement.

"Lock Up Lists" were prepared by MPD officers at the Blue Plains holding facility where named plaintiffs and members of the proposed plaintiff class were taken after their arrests. These lists show ninety-two persons with male names, or listed by the male name of "John Doe", a strong indicator that the arrestee was a male person. These lists are sufficient evidence at this stage of the proceedings of the number of men who constitute the proposed class. The lists are attached as Exhibit 1.

In addition, named plaintiff Paul Bame is prepared to testify that he personally witnessed at least eighty men from the protests held in the two cell blocks at the D.C. Superior courthouse facilities under the supervision of the deputy marshals dozens; that he was strip searched in a batch of eight to twelve men; and that he understood that all the men held in the two cell-blocks were strip searched in batches by defendant marshals on the morning of September 28, 2002.

Greg Keltner is prepared to testify that he was processed by the deputy marshals on the morning of September 28, 2002 along with a batch of at least 30 other men from the protest arrests, all of whom were strip searched in small groups.

Moreover, the Court has certified two sub-classes totaling several hundred persons in the *Diamond v. D.C., supra,* class action and it is likely that many of the male members of those classes are members of the proposed class herein.

Whatever may be the final tally of members of the propose class, numerosity is present here, since there are at least thirty, and more likely at least ninety, members of the class.

To satisfy the numerosity requirement, plaintiffs need only show that the number of proposed class members is sufficiently large such that it would be extremely difficult or inconvenient to join all the members of the class. Moreover, the proposed class is dispersed across the country, making joinder impracticable. *Chang v. U.S.*, 217 F.R.D. 262 (D.D.C. 2003); *Franklin v. Barry*, 909 F. Supp. at 30-31, (citing *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993)); *Kifafi v. Hilton Hotels Retirement Plan*, 189 F.R.D. 174, 176 (D.D.C. 1999); *Pigford v. Glickman*, 182 F.R.D. at 347; *Vargas v. Meese*, 119 F.R.D. 291, 293 (D.D.C. 1987); *EEOC v. Printing Industry of Metropolitan Washington, D.C., Inc.*, 92 F.R.D. 51, 53 (D.D.C. 1981).

Ninety-two persons is a sufficient number to satisfy the numerosity requirement, as would be thirty persons. The numerosity requirement "does not require immense numbers of plaintiffs. Nor does it require that the exact number of class members or their identities be alleged." *Johns v. DeLeonardis*, 145 F.R.D. 480 (N.D. Ill. 1992) (numerosity requirement satisfied and class certified where approximately twenty-five women were subjected to illegal

14

strip search by Chicago police officers in a police raid; citing *Swanson v. American Consumer Indus., 415 F.2d 1326, 1333 n.9 (7th Cir. 1969)* (class of forty would have been acceptable)); *Patrykus v. Gomilla, 121 F.R.D. 357, 361 (N.D. Ill. 1988)* (class of 50 sufficient)). To satisfy the numerosity requirement, "Plaintiffs need only show that the number is sufficiently large such that it would be extremely difficult or inconvenient to join all the members of the class." *Franklin*, 909 F. Supp. at 30. This Court has held that generally 40 members will satisfy the numerosity requirement. *Neal v. Moore*, 1994 U.S. Dist. LEXIS 21339, *24 (D.D.C. 1994).

The party moving to certify the class need not supply the exact number of the class members. *Bynum*, 214 F.R.D. at 33, *citing Kifafi v. Hilton Hotels Retirement Plan, 189 F.R.D. 174, 176 (D.D.C. 1999)* ("So long as there is a reasonable basis for the estimate provided, the numerosity requirement can be satisfied without precise numbers.") .

A more refined number of class members herein will be determined upon further discovery.

### The Class Presents Common Issues of Law and Fact.

The commonality test is met where there is at least one issue, the resolution of which will affect all or a significant number of the putative class members. *Bynum*, 214 F.R.D. at 33; *Kifafi*, 189 F.R.D. at 176-77. This case presents several issues, each of which is common to each member of the class:

1.    What were the nature and extent of the strip searches conducted on every member of the plaintiffs class?

15

2.      Whether the searches conducted by defendants on the plaintiff class members comported with the standards provided under the Fourth Amendment to the United States Constitution?[6]

3.      What policies, customs, or practices resulted in the defendants conducting strip searches on the plaintiff class members?

4.      Whether the U.S. Marshal's Service, the United States Marshal in his official capacity, or former Marshal Dillard in his individual capacity, were deliberately indifferent to the rights of the class members by failing to train their staff concerning reasonable search procedures, sufficient to give rise to a claim against them under 42 U.S.C. §1983?

5.      Whether the law in the District of Columbia was sufficiently clearly established as of September, 2002 with regard to the legality of the strip searches conducted by defendants, such that the defendants are not protected by any qualified immunity?

6.      Whether the class members sustained damages and, if so, the proper measure of such damages?

7.      Whether Defendants were acting as an agent of, or in joint action with, the District of Columbia, or otherwise acting under color of D.C. law?

        There are no individual fact questions on the issue of liability, because apparently none of the defendants kept records of the searches.  Therefore, once plaintiffs establish a policy and practice of the searches, none of the defendants will have evidence to show that any of the

---

6       Significantly, as plaintiffs are prepared to show in later filings, every single one of the twelve federal circuits, except for the Third Circuit (and not counting the Federal Circuit), have held that the Fourth Amendment prohibits strip searches of arrestees and detainees charged with non-drug misdemeanors and other minor offenses without an individualized finding of reasonable suspicion that the person being searched is concealing drugs, weapons or other contraband.  *See also, e.g., Helton v. U.S.*, 191 F. Supp.2d 179, 184-5 (D.D.C. 2002);  *Bynum v. D.C.*, 257 F. Supp. 2d 1 (D.D.C. 2002)(denying D.C. motion to dismiss claims for strip searches of persons ordered released).

searches were conducted based on an individual determination of reasonable suspicion.  Once

plaintiffs establish the existence of a policy or practice, the burden will fall on the defendants to

demonstrate, as an affirmative defense, that particular searches were reasonable.  *See, e.g.,*

*Bynum, supra; Helton, supra;  Mack v. Suffolk County,* 191 F.R.D. 16, 24 (D. Mass. 2000).


**Named Plaintiffs Raise Claims Typical of the Proposed Class.**

Named plaintiffs' claims are typical because they arise from the same practice or course

of conduct by the defendants, and they are based on the same legal theory as those raised by all

class members.  *Bynum v. D.C.*, 214 F.R.D. at 34; *Mack*, 191 F.R.D. at 22; *Stewart v. Rubin*, 948

F. Supp. at 1088. The named plaintiffs satisfy this requirement because each of them and each

member of the class has the same legal theory based on the same pattern of facts: each class

suffered Constitutional injury because each one was subjected to standardized searches

conducted by defendants in connection with arrests which were, in turn, based on minor, non-

violent infractions by persons engaged in a mass protest, all without any individualized,

reasonable suspicion upon which to base such searches. As set forth in the First Amended

Complaint, each of the named plaintiffs, Paul Bame, Gregory Keltner, and Ivan Welander were

arrested for minor infractions with the other class members on September 27, 2002, and held in

the custody of the D.C. Police officers.  Early in the morning of September 28, 2002, they were

transferred to the custody of deputy U.S. Marshals, and subjected by those deputies to a full body

strip search, without any individualized, reasonable suspicion upon which to base such searches.

A few hours later, all members of the class, including the three named plaintiffs, were released

by a judicial officer of D.C. Superior Court.

**The Proposed Class Is Adequately Represented.**

Rule 23(a)(4) requires that the class have adequate representation. *Bynum*, 214 at 35; [7]

*Chang,* 217 F.R.D. at 273; *Coleman v. Pension Benefit Guaranty Corp.*, 196 F.R.D. 193, 198

(D.D.C. 2000); *Pigford*, 182 F.R.D. at 350; *Kifafi*, 189 F.R.D. at 177; *Vargas*, 119 F.R.D. at 295.

This requirement is met when there is no conflict of interest between the legal interests of the

named plaintiffs and those of the proposed class.   Additionally, counsel for the plaintiffs must be

competent to represent the class.

In this case, no conflicts of interest exist between the representative plaintiffs and the

proposed class.  The named plaintiffs seek to redress the deprivation of rights conferred upon

them and on all class members by the United States Constitution.  The representative plaintiffs'

interests do not conflict with those of the putative class.  Just the opposite, the issues presented

by the named representatives mirror those faced by the putative class, which stands only to gain

by this action.

Plaintiffs' counsel are competent to represent the members of the class with great vigor

and adequate resources.  Two attorneys with years of experience handling class actions will

provide the legal representation in this case.

---

[7]    The Court in *Bynum* noted: " 'Two criteria for determining the adequacy of
representation are generally recognized: 1) the named representative must not have antagonistic
or conflicting interests with the unnamed members of the class, and 2) the representative must
appear able to vigorously prosecute the interests of the class through qualified counsel.'".
*Accord*, *Twelve John Does v. District of Columbia, 326 U.S. App. D.C. 17, 117 F.3d 571, 575
(D.C. Cir. 1997)* (citing *Nat'l Ass'n of Regional Medical Programs, Inc. v. Mathews, 179 U.S.
App. D.C. 154, 551 F.2d 340, 345 (D.C. Cir.1976))* (internal citation omitted). 214 F.R.D. at 35.

Lynn E. Cunningham has practiced law in the District of Columbia for thirty years, and handled many class action cases, as described in his attached affirmation and resume.  Exhibits 2 and 3.  Most notably for purposes of this case, he co-counseled *Bynum v. D.C.*, *supra*, involving claims on behalf of D.C. Jail prisoners for unlawful strip searches, as well as claims for overdetention.  The case was recently was finally approved for settlement by Judge Lamberth. *Bynum v. District of Columbia*, --- F.Supp.2d ----, 2006 WL 172244 (D.D.C. Jan 25, 2006) (NO. CIV.A.02-956(RCL).

Mr. Zachary Wolfe has practiced law in the District of Columbia for six years, and has served as a member of the plaintiffs' counsel team in cases challenging police misconduct here, including *Barham v. Ramsey*.  His affirmation and resume are attached as Exhibits 4 and 5. In addition, plaintiffs' counsel have conducted extensive research on the merits of this class action, as required pursuant to FRCP Rule 23(g)(1)(C).  They have performed factual research on the background of the case, and reviewed much of the extensive court records in related cases, including *Barham*, *Burgin-Diamond*, *Chang*, and *Franklin, all supra*. They have reviewed the extensive reports of the D.C. Council hearings concerning the handling of the April 27, 2002 mass arrests in D.C., and other activities of the D.C. Metropolitan Police with regard to protests held in D.C.  They have made themselves generally familiar with the D.C. criminal justice system, and the police holding-operations for arrestees in D.C.  Both Mr. Cunningham and Mr. Wolfe have done extensive legal research on the legal bases of the claims raised herein, both during their preparation for the actual filing of this case, and during their handling of other, similar litigation.

Counsel are prepared to commit the resources necessary to the successful prosecution of this case.

While Mr. Cunningham has relocated his offices from Washington, D.C. in May, 2005 to Dubois, Wyoming, Mr. Wolfe remains physically located in Washington, D.C. and the two attorneys remain in close touch telephonically and by electronic mail, as otherwise.  Mr. Cunningham is prepared to travel to Washington, D.C. as the case requires, or to participate in meetings held in D.C. by telephone or in person, as needed.

### RULE 23(b)(3): PREDOMINANCE OF COMMON QUESTIONS AND SUPERIORITY OF CLASS TREATMENT

Next, plaintiffs show, as required under Rule 23(b)(3), the predominance of questions of law and fact which are common to the class and the superiority of a class action for treatment of the claims raised herein.

**Questions Common to the Class Predominate.**

As discussed above, the common issues predominate over any individual issues.  The only significant individual factual issue is the amount of damages for each member of the class.  However, the existence of individual damage calculations does not make individual damages predominate over the common issues.  *McCarthy v. Kleindienst*, 239 U.S. App. D.C. 247, 741 F.2d 1406, 1410, 1413(D.C. Cir. 1984)(class certification permissible even in the presence of individual damages claims).  *Bynum v. D.C., supra at 49*;  *Gary v. Sheehan*, 199 U.S. Dist. LEXIS 5616 (N.D. Ill.)(District Court denied defendants' motion to decertify the class of women arrestees subject to blanket strip search, as to damages.);  *Smilow v. Southwestern Bell Mobile*

*System* 323 F.3d 32, 39-40(1st Cir. 2003); *In re Visa Check/Mastermoney Antitrust Litigation*, 280 F.3d 124 (2d Cir. 2001), *cert. denied*, *Visa U.S.A. Inc. v. Wal-Mart Stores, Inc.*, 536 U.S. 917 (2002); *Mejdrech v. Met-Coil Systems Corp.*, 319 F.3d 910, 912 (7th Cir. 2003).


**Treatment as a Class Action Is Superior.**

The primary consideration in determining whether a class action is "superior" is the availability and viability of other possible ways of handing the claims raised. Handling this matter through a series of individual cases is a possible, but inferior alternative. First, the individual class members are widely dispersed geographically. Second, the filing of individual claims, possibly through the retainer of separate counsel, risks the Court entering different relief for different individual plaintiffs.  Third, the Court and counsel would have to make a wide array of duplicate findings of fact and conclusions of law in a series of individual actions.  Damages in individual cases may  be inadequate to attract sufficient counsel to represent individuals on a case-by-case basis.  Moreover, even if separate counsel were available, managing dozens of individually filed lawsuits would create a serious administrative challenge for the Court, as well as for the array of counsel needed to handle the series of cases.  In short, the class action is the superior proceeding.

Another alternative is for the Court to bifurcate the liability and damages phases of the case, certify a class for liability purposes, and then require the parties to try the damages claims for each individual claim.  Several mass damages claims such as this have been tried using sample trials to determine the amount of damages liability.  *Hilao v. Estate of Marcos*,

103 F.3d 767 (9th Cir. 1996). Determination of damages is manageable without destroying the cohesiveness of the class because damages can be determined by: (1) establishing class-wide damages on an aggregate basis in a single trial using a schedule or statistical sampling, (2) by mini-trials before judges or magistrates; or, (3) by a claims procedure agreed upon by the parties. *See, Neal v. Director, D.C. Dep't of Corrections*, 1995 U.S. Dist. LEXIS 11543 (D.D.C. 1995) (discussing methods of establishing damages for class members after liability determination). There is a trend in favor of using such aggregate damage trials. 3 Newberg 10.5 at 483-487 (4th ed. 2002); *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 133 F. Supp. 2d 162, 169 (E.D.N.Y. 2001); *Long v. Trans World Airlines, Inc.*, 761 F. Supp. 1320, 1326 (N.D. Ill. 1991); *Langley v. Coughlin*, 715 F. Supp. 522, 531 *(S.D.N.Y. 1989)*; *A Model Plan To Resolve Federal Class Action Cases By Jury Trial*, 88 VA. L. REV. 405 (2002).

In short, once liability is established in a case such as this, where the individual class members were subjected to essentially the same strip searches at the same time, trial of the amount of damages for each class member should prove highly manageable.

**Nature and Extent of Any Litigation Already Commenced**

For reasons unknown to plaintiffs' counsel or to the named plaintiffs, the other litigation already commenced with regard to claims arising from the mass protests held on September 27, 2002 in Washington, D.C. have not addressed the claims raised herein. Many months have passed since those cases were filed, yet the parties in those cases apparently have chosen not to raise the claims made herein. Thus, those lawsuits will not result in issue preclusion for the

claims herein, nor provide the specific relief sought herein.  Accordingly, no reason exists under FRCP Rule 23 to prevent this matter going forward while the other litigation is pending.

**Desirability of concentrating the Litigation in One Forum**

This case and the other related cases are all filed in the forum covering the venue where the mass protests took place and where the actions of defendants in response to the mass protests occurred.  There is no other forum that would be more appropriate.  Individual members of the proposed class are dispersed geographically throughout the country.  Indeed, two of the three named plaintiffs reside within the State of Wisconsin, and the third resides in Colorado.  They have consented to filing the action in this forum.

**The Class is Manageable.**

As stated, there are no individual questions on the issue of liability regarding the class of plaintiffs because apparently none of the defendants kept records of the searches complained of, and therefore none of the defendants can show that any of the searches were conducted based on an individual determination of reasonable suspicion.  The only facts which plaintiffs will have to show are the circumstances of the arrests and detention, the practice of the strip searches, and membership in the class.  Plaintiffs can establish membership from a ministerial inspection of the computer and paper records maintained by defendants of the arrests of protestors held on September 27, 2002.  The other facts will not be seriously in dispute and can readily be proven. The only individual questions will be questions of the amount damages and those questions can be accommodated through class treatment of the claims, as discussed above.

23

**NOTICE PROPOSALS**

FRCP Rule 23 (c)(2)(B) requires that the "[C]ourt must direct to the class members the best notice practicable...".  Plaintiffs propose that defendants provide to plaintiffs' counsel all paper and electronic data in their possession, in a form useable by plaintiffs, relating to every class member arrested on September 27, 2002 at the relevant protests.  This information is already in the possession of the Defendants, and may already have been provided in the related cases.  The proposed Order filed with this motion would require defendants to provide plaintiffs' counsel with these records so that notice could be sent to the members of the class.

Plaintiffs further propose drafting a notice satisfying the requirements of Rule 23 and LCvR 23.1, subject to review by defendants, and mailing the notice to all class members.  Since the class is relatively small, apparently less than 100 persons, a mailing by counsel will be relatively simple.  Plaintiffs propose that the notice direct recipients to respond to plaintiffs' counsel at one of their offices.  Plaintiffs further propose that Defendants pay for the cost of mailing out the notice, as provided in the proposed Order.

In addition, plaintiffs propose to create a website for the case to provide members of the proposed class information about contacting plaintiffs' counsel and to obtain information about the case.  It may be possible to link this proposed website to the other websites already up which are providing information to members of the other classes already certified in the related cases.

**CONCLUSION**

For the foregoing reasons, the Named Plaintiffs' motion for class certification pursuant to Rule 23(a), 23(b)(3) should be granted.

24

Respectfully submitted,


/s/ Lynn E. Cunningham
Lynn E. Cunningham, Esq.
D.C. Bar No. 221598
P.O.  Box 1547
Dubois, Wyoming 82513
Phone: 307-455-3334/3374
Fax: 307-455-3334
Email: lcunningham@law.gwu.edu

Zachary Wolfe, Esq.
D.C. Bar No. 463548
People's Law Resource Center
1725 I Street, NW, Suite 300
Washington, DC 20006
Phone: 202 265 5965
email: zwolfe@peopleslawresourcecenter.org


## LIST OF EXHIBITS

| Exhibit # | Description of Exhibit |
| --- | --- |
| 1 | Lock Up Lists |
| 2 | Affirmation of Lynn E. Cunningham in support of Motion for Class Certification |
| 3 | Resume of Lynn E. Cunningham |
| 4 | Affirmation of Zachary Wolfe in support of Motion for Class Certification |
| 5 | Resume of Zachary Wolfe |