UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Paul Bame, et al.  )<br>Plaintiffs on behalf of themselves  )<br>and all others similarly situated  )<br>  )<br>vs.  )<br>  )<br>John Clark, et. al.  )<br>Defendants  )<br>_____) | Civil Action No. 1:05cv01833(RMC)<br>No hearings scheduled |

**PARTIES' REPORT TO COURT
REQUIRED PURSUANT TO L.Cv.R. 16.3(c) and (d)**

Pursuant to L.Cv.R. 16.3, undersigned counsel met by telephone on February 28, 2006, March 6, 2006 and March 14, 2006 and hereby submit the following report on the parties' positions:

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

Plaintiffs ask that the case be handled as complex litigation, as a class action. Plaintiffs submit that the action cannot be disposed of by motion at this time, but the issue of liability might be disposed of by motion after discovery has been conducted. Plaintiffs note that Defendants initially responded to the 1st amended complaint by the filing of an answer, rather than by filing a motion to dismiss.

1

The Named Defendants[1] submit that the action is likely to be resolved through a dispositive motion. No discovery is needed to resolve all official capacity claims (Counts III and IV),[2] and little or no discovery is needed to resolve the claims against Defendant Dillard. The Named Defendants ask that they be allowed to file a pre-discovery dispositive or partially dispositive motion on or before April 4, 2006.

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Plaintiffs recommend that the Court allow additional named plaintiffs to be added and the pleadings amended for one month after defendants have provided plaintiffs with identifying information about all members of the proposed class. In addition, plaintiffs will need to make substitutions for named defendants, sued only in their official capacity, whenever people in

---

[1] According to the First Amended Complaint ("Complaint"), the named defendants include: John F. Clark, Acting Director of the United States Marshals Service (sued in his official capacity only); Steve Conboy, United States Marshal for the Superior Court of the District of Columbia (sued in his official capacity only); and Todd W. Dillard, former United States Marshal for the Superior Court of the District of Columbia (sued in his individual capacity only). Plaintiffs also include in the caption of the Complaint numerous "John Does" as defendants, who are not currently represented in this matter.

[2] Plaintiffs seek only monetary relief in the action, which is barred as to defendants Clark and Conboy by the doctrine of sovereign immunity. See, e.g., FDIC v. Meyer, 510 U.S. 471, 478 (1994) (a constitutional tort claim is not cognizable under the FTCA); Kauffman v. Anglo-American School of Sofia, 28 F.3d 1223 (D.C. Cir. 1994); Settles v. U.S. Parole Commission, 429 F.3d 1098,1106 (D.C. Cir. 2005) (sovereign immunity bars Section 1983 claims against a government agency); Clark v. Library of Congress, 750 F.2d 89, 102-104 (D.C. Cir. 1984) (sovereign immunity acts as a bar to a damages remedy against a federal employee in an official capacity).

the position are replaced. In addition, plaintiffs will need to add the names of the sued as defendants who are referenced as unnamed deputy U.S. Marshals, as described in the First Amended Complaint.

The Named Defendants submit that any further amendments to the complaint should be made upon motion under Fed. R. Civ. P. 15, and that a date should be established for any such amendments which should be a reasonable time (i.e., 45 to 60 days) after resolution of the anticipated pre-discovery dispositive motion.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not consent to having the action assigned to a Magistrate Judge for all purposes.

**(4) Whether there is a realistic possibility of settling the case.**

Plaintiffs see a realistic possibility of settling the case as to liability, following the completion of discovery, but probably not as to the relief sought. The plaintiffs will always be willing to engage in settlement negotiations.

The Named Defendants submit that there is some possibility of settling the action, but that the likelihood of reaching such a settlement would be increased upon resolution of the anticipated dispositive motion. The parties remain open to engage in settlement discussions even as discovery may progress.

**(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Plaintiffs believe that this case can benefit from ADR, following initial discovery, including informal exchange of discovery. Certain factual matters must be established in order to lay the groundwork for ADR.

The Named Defendants submit that ADR at this early stage of the process would be premature, but that upon resolution of the anticipated pre-discovery dispositive motion, ADR may be appropriate.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Plaintiffs do not believe that the case can be resolved by dispositive motions at this time. However, after discovery has been completed, it may be possible to resolve some or all of the liability issues with motions for Summary Judgment. It is premature at this time to set a schedule for such motions until discovery is completed. Plaintiffs propose that motions for summary judgment be filed within sixty days following the completion of discovery.

The Named Defendants submit that a dispositive motion is appropriate and will likely obviate the need for much, if not all, discovery in this action. Accordingly, they propose the filing of a motion on or before April 4, 2006.

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

Plaintiffs do not consent to dispense with initial disclosures, and propose to exchange initial disclosures on or before April 17, 2006.

As stated, Named Defendants propose that discovery, including initial disclosures, be postponed pending resolution of the anticipated dispositive motion.

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Plaintiffs expect to need until January 11, 2007 for discovery assuming full cooperation. Plaintiffs expect their discovery to include depositions, interrogatories, requests for production and requests for admissions.

Plaintiffs will not be able to determine whether they require more than the standard 25 Interrogatories and 10 depositions specified in L.Cv.R. 26.2(b) until after they have had an opportunity to review the materials produced by defendants in initial discovery.  Therefore, plaintiffs ask the Court to give plaintiffs leave to set forth their reasons, if any exist, for more than 25 Interrogatories and/or more than 10 depositions, ten calendar days after defendants have completed their initial disclosure pursuant to Rule 26(a)(1).

The Named Defendants propose to defer discovery pending the anticipated dispositive motion, and, should that motion take the form of a motion for summary judgment pursuant to Fed. R.  Civ. P Rule 56, they propose that the parties confer to discuss the proffered material facts and any claim that Plaintiffs may make that they require discovery to resolve the motion (or that part of the motion that relies upon matters outside the pleadings).  Defendants believe that this will obviate the needless discovery into such matters as the training of deputy marshals (Count III) and various customs,

practices, and policies, of the Marshals (Count IV). In addition, the Named Defendants submit that the deferral of discovery is warranted while the Court assesses claims of qualified immunity. *See, Crawford-El v Brittin*, 523 U.S. 574 (1998). In any event, the Named Defendants submit that they cannot accurately estimate the extent of any proper discovery until after the Court has assessed whether, for instance, Plaintiffs' official capacity claims under 42 U.S.C. § 1983 can proceed.

If discovery ultimately proceeds, and a protective order is needed consistent with the Privacy Act, 5 U.S.C. § 552a(b)(11), the parties will attempt to reach agreement by stipulation and, if unable to stipulate, a motion will be filed seeking a protective order from the Court.

**(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

Plaintiffs suggest that deposition of experts occur within sixty days following the completion of other discovery.

If discovery proceeds following resolution of the Named Defendants' dispositive motion, as discussed above, the Named Defendants also seek at least 60 days within which to designate expert witnesses after plaintiffs have provided complete reports from their experts.

**(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Plaintiffs filed their motion for class certification on February 8, 2006 [18].

Defendants' response to the motion is due March 20, 2006.

In the event that the Named Defendants's dispositive motion is not granted in full, the parties require discovery of the names and addresses and other identifying information of the members of the proposed class.

Plaintiffs propose no oral argument or evidentiary hearing should be required on the motion for class certification. Plaintiffs also propose as early a date as possible for a decision on the motion, as adjudication of this motion should assist the parties in undertaking settlement negotiations and determining the full extent of discovery.

The Named Defendants propose to resolve the anticipated dispositive motion in the first instance, and only then the class certification issue. They further believe that it is premature to decide whether an evidentiary hearing is needed to resolve the issues.

**(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Plaintiffs do not seek to have the action bifurcated or managed in stages, unless the Court rules in its adjudication of the motion for class certification that the damage phase of the litigation should be treated by means of sample trials, or similar procedures.

The Named Defendants propose bifurcation of discovery in the event that discovery is allowed, as discussed above.

The parties plan to propose to the Court a method to resolve any liability and damages issues that might remain after resolution of all dispositive motions.

**(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The plaintiffs suggest that the pretrial conference occur on January 17, 2007.

The Named Defendants propose that the Court set a date for a pretrial conference after resolution of all dispositive motions.

**(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Parties suggest that the trial date be set at the pretrial conference.

**(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None.

Respectfully submitted,

/s/ Lynn E. Cunningham
Lynn E. Cunningham, Esq.
D.C. Bar No. 221598
P.O. Box 1547
Dubois, Wyoming 82513
Phone: 307-455-3334/3374
Fax: 307-455-3334
Email: lcunningham@law.gwu.edu

Zachary Wolfe, Esq.
D.C. Bar No. 463548
People's Law Resource Center
1725 I Street, NW, Suite 300
Washington, DC 20006
Phone: 202 265 5965
email: zwolfe@peopleslawresourcecenter.org
Attorneys for Plaintiffs


KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

/s/ W. Mark Nebeker

W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC 20530
(202) 514-7230
Attorneys for Defendants