

PLAINTIFF'S
EXHIBIT

IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

MARY MORGAN, et al.                    :

       Plaintiffs       :

       v.               : Civil Action No. 81-1419

MARION S. BARRY, et al.          :

       Defendants        :

**FILED**

JUL 22 1981

JAMES F. DAVEY, Clerk

### MEMORANDUM OF AGREEMENT

The District of Columbia and plaintiffs, in a joint effort to simultaneously protect the security of the District of Columbia Detention Facility and/or other facilities holding or housing female police cases, and to minimize the intrusion on the privacy of female police cases[1] have agreed to, and will comport with the following terms, in settlement of all claims (except those relating to plaintiffs' allegation of inadequately ventilated Metropolitan Police Department vehicles)[2] addressed in plaintiffs' complaint and supporting documents:

I.

The District of Columbia and its agents agree not to house female police cases with the general inmate population of the Detention Facility.  If the number of police cases exceeds the number of bed spaces in the Receiving and Discharge area of the Detention Facility, the District will provide additional beds and/or mattresses and/or make such

---

1. Female police cases are those women who have been arrested but not yet arraigned or presented, and who are detained pending arraignment or presentment at the Detention Facility or other District of Columbia lock-up or Jail.

2. Plaintiffs' claims for monetary damages as well as injunctive relief on the issue of inadequately ventilated Metropolitan Police Department vehicles shall remain open.

other arrangements as are necessary to accommodate the overflow.

II.

The District of Columbia agrees not to conduct "strip" or "squat"[3/] searches of woman police cases unless:

a. The District or its agents have reasonable suspicion that a weapon, contraband or evidence of a crime are concealed on the person or in the clothing of the arrestee, which the District or its agents reasonably believe can only be discovered by a strip or squat search. Such belief may be formed, e.g., from the facts surrounding the crime or arrest, from information received concerning the arrestee and/or as a result of discoveries during the full-field search; or,

b. The police arrestee is about to come into contact with the general inmate population of the Detention Facility.

A strip search shall not be allowed under paragraph numbered II(b):

1. When a female police case is escorted from place to place within the facility; or,

2. When a female police case has a visit with her attorney or clergy and remains isolated from the general inmate population; or,

3. When a female police case    in the infirmary is isolated from the general inmate

---

3. A strip search shall mean having an arrested person remove or arrange some or all of her clothing so as to permit a visual inspection of the genitals, buttocks, anus, female breasts, or undergarments of such person.

A squat search shall mean having an arrested person crouch or squat while her undergarments and/or other clothes are removed or arranged so as to expose her anal or genital areas in order to permit any contraband or other material concealed in her genital or anal cavity to become apparent or dislodged.

-2-

population in the infirmary and/or is under direct surveillance. The District of Columbia agrees that it shall make every effort to restore female police cases from the general inmate population in the infirmary.

III.

If a strip or squat search takes place, the District agrees to conduct it only under secure conditions which afford privacy to the arrestee so that the search cannot be observed by persons other than the person conducting the search. The search will be conducted by a female corrections officer with another female officer posted outside the search area. If circumstances warrant, the search may be conducted by more than one officer of the same sex as the arrestee, and additional personnel may be stationed outside the search area, if necessary for security purposes. Each such search will be recorded in a log kept by the Department of Corrections, and will indicate the person who ordered the search, the person(s) conducting the search, the person subjected to such search, and the location where the search was conducted. For a period of three years from the date of this Agreement, copies of this log shall be made available for inspection, upon request, by plaintiffs' counsel or their designee on a monthly basis. Four days' advance notice shall be given of any such request and all names of individual police cases will be deleted from the inspection copy prior to inspection.

IV.

Under no conditions will body cavity searches[4/] be

_____

4.  A body cavity search shall mean entering an arrestee's genital and/or anal cavities in order to discover contraband weapons or evidence of a crime which may be concealed therein.

-3-

conducted by any person other than professional medical
personnel, i.e., a doctor or nurse.  The District agrees
not to conduct such a search, unless there is reasonable
suspicion that the arrestee has a weapon, contraband and/or
evidence of a crime concealed in her person which the
District of Columbia or its agents reasonably believe can
only be discovered and/or removed by a body cavity search.
In the event of such a search, recordation as specified in
paragraph numbered III above will take place.

V.

If it appears to agents of the District of Columbia
that an arrestee has head or body lice, or other infestation
requiring treatment, only professional medical personnel,
i.e., a doctor or nurse, shall authorize appropriate
treatment.  If such treatment is undertaken, the District
of Columbia or its agents agree to keep a record of the name
of the person authorizing treatment, the name of the person
receiving the treatment, the type of treatment prescribed
and given, and the name of the person administering the
treatment.

VI.

The District of Columbia and its agents agree not to
compel female police cases at the Detention Facility to
shower.  In the event that a female police case requests a
shower at the Detention Facility, she will be permitted to
take a shower if and when adequate security is available.

VII.

The District of Columbia and its agents agree not to
conduct property inventories of female police cases which
require them to disrobe. Property inventories may be
conducted with regard to possessions such as watches, belts

-4-

and outer garments such as jackets.  The District of
Columbia and its agents shall be responsible only for
overalls which are actually listed on the inventory and
held by the District.

VIII.

The parties agree that this Memorandum of Agreement
shall be enforceable as a Court Order.

IX.

Upon approval and filing of this Memorandum of
Agreement, this case and all claims, both injunctive and
monetary (except those relating to plaintiffs' allegations
of inadequately ventilated Metropolitan Police Department
vehicles)[5]  shall stand dismissed with prejudice.

_____
JUDITH W. ROGERS
Corporation Counsel, D.C.

_____
JOHN E. SUDA
Deputy Corporation Counsel, D.C.

_____
MARTIN L. GROSSMAN
Assistant Corporation Counsel, D.C.

_____
KEVIN J. O'CONNELL
Assistant Corporation Counsel, D.C.
Attorneys for Defendants
District Building
Washington, D.C.  20004

_____
5.  Plaintiffs' claims for monetary damages as well as
injunctive relief on the issue of inadequately ventilated
Metropolitan Police Department vehicles shall remain open.

_NINA KRAUT_
Attorney at Law

_EDWARD ROSENTHAL, Esquire_
Attorneys for Plaintiffs
2008 Hillyer Place, N.W.
Washington, D.C.  20009

Of Counsel:

ARTHUR B. SPITZER, Esquire
American Civil Liberties
Union Fund of the National
Capital Area
600 Pennsylvania Avenue, S.E.
Washington, D.C.  20003

APPROVED:

_Judge_

_July 22, 1981_
Date

-6-