IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE BURGIN by her guardian<br>JENNIFER MARGARET RICE BURGIN<br>80 Wood Lane<br>Acton, MA 01720<br><br>JOEL DIAMOND<br>4 Flagpole Lane<br>East Setauket, NY 11733<br><br>PAUL GILMAN<br>32-46 83rd Street<br>East Elmhurst, NY 11370<br><br>JOHN B. HOPKINS<br>928 Commercial Street<br>Provincetown, MA 02657<br><br>LYNN JOHNSON<br>46 Dortch Avenue<br>Asheville, NC 28801<br><br>MICHAEL RICE<br>67 Nine Mile Lane<br>Delmar, NY 12054<br><br>REBEKAH RUTH RICE<br>46 Granite Street<br>Saratoga Springs, NY 12866<br><br>LAUREN ROSS<br>1405 Hillmont Street<br>Austin, TX 78704<br><br>    individually and on behalf of a class<br>    of persons similarly situated,<br><br>and<br><br>LAURA CARRIG<br>1136 Western Avenue<br>W. Brattleboro, VT 05301 | Civ. A. No. 03-02005(EGS) |

| | |
|---|---|
| SOFIYA GOLDSHTEYN<br>4416 Walnut Street<br>#1 Rear<br>Philadelphia, PA 19104 | )<br>)<br>)<br>)<br>) |
| ETHAN HIRSH<br>1616 16th Street, N.W.<br>Apt. 707<br>Washington, D.C. 20009 | )<br>)<br>)<br>)<br>) |
| PAUL KUTTNER<br>2143 W. Potomac Avenue, #1<br>Chicago, IL 60622 | )<br>)<br>)<br>) |
| WILL MAIER<br>244 W. Lakelawn Place<br>Madison, WI 53703 | )<br>)<br>)<br>) |
| RAPHI RECHITSKY<br>206 W. Oak Street<br>Carbondale, IL 62901 | )<br>)<br>)<br>) |
| JAMES ROBINSON<br>328 North 42nd Street<br>Philadelphia, PA 19104 | )<br>)<br>)<br>) |
| ZACK SCHULMAN<br>50 Ridge Street<br>Rye, NY 10580 | )<br>)<br>)<br>) |
|     individually and on behalf of a class<br>    of persons similarly situated, | )<br>) |
|     Plaintiffs, | ) |
| v. | )<br>) |
| THE DISTRICT OF COLUMBIA<br>John A. Wilson Building<br>1350 Pennsylvania Avenue, N.W.<br>Washington, DC  20004, | )<br>)<br>)<br>)<br>) |
|     Defendant. | )<br>) |

Case: 1:06-cv-01830-RMGS Document 3:4-4 Filed: 02/05/2020/06 Page 2 of 13

# FIRST AMENDED COMPLAINT

Plaintiffs Catherine Burgin, Joel Diamond, Paul Gilman, John B. Hopkins, Lynn Johnson, Michael Rice, Rebekah Ruth Rice, and Lauren Ross, individually and on behalf of a class of persons similarly situated, and plaintiffs Laura Carrig, Sofiya Goldshteyn, Ethan Hirsh, Paul Kuttner, Will Maier, Raphi Rechitsky, James Robinson, and Zack Schulman, individually and on behalf of a class of persons similarly situated, allege as follows:

## INTRODUCTION

1. This is a class action seeking damages and other relief for illegal mass arrest, handcuffing, detention, and prosecution of persons who were participating in or observing peaceful demonstrations in Washington, D.C. on the morning of Friday, September 27, 2002. The action joins the claims of two classes. Plaintiffs were trapped, prevented from leaving, and arrested by converging lines of District of Columbia police officers at one of two locations: (1) the eastern sidewalk of Connecticut Avenue between K and L Streets, N.W., where forty-two persons (the first class) were arrested; and (2) the sidewalk near the northwest corner of Vermont Avenue and K Street, N.W., where approximately 150 persons (the second class) were arrested.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367. Plaintiffs bring this action under 42 U.S.C. §§ 1983 to vindicate rights established by the First, Fourth, and Fifth Amendments to the United States Constitution. Plaintiffs' common law claims arise from the same occurrences as plaintiffs' constitutional claims and are within the supplemental jurisdiction of this Court.

3. Venue is proper in this district under 28 U.S.C. § 1391(b). A substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred within this judicial district.

**PARTIES**

4. Plaintiffs Catherine Burgin, Joel Diamond, Paul Gilman**,** John B. Hopkins, Lynn Johnson, Michael Rice, Rebekah Ruth Rice, and Lauren Ross were arrested on the morning of September 27, 2002, on the eastern sidewalk of Connecticut Avenue between K and L Streets, N.W., Washington, D.C. They were handcuffed behind their backs for many hours, one or more of them injuriously. They were detained for many hours and charged with failure to obey a police officer or parading without a permit.

5. Plaintiffs Laura Carrig, Sofiya Goldshteyn, Ethan Hirsh, Paul Kuttner, Will Maier, Raphi Rechitsky, James Robinson, and Zack Schulman were arrested on the morning of September 27, 2002, on the sidewalk of the northwest corner of Vermont Avenue and K Street, N.W., Washington, D.C. They were handcuffed behind their backs for many hours, one or more of them injuriously. They were detained for many hours, often with one wrist cuffed to the opposite ankle. They were charged with failure to obey a police officer, parading without a permit, or other pedestrian traffic offenses.

6. Defendant District of Columbia is a municipal corporation and constitutes the local government of Washington, D.C. The District is subject to suit under District of Columbia law and 42 U.S.C. § 1983. Under the doctrine of *respondeat superior*, the District is liable for violations of District of Columbia law committed by District employees acting within the scope of their employment. Under § 1983 the District is liable for federal constitutional violations that

4

are (a) committed under color of law by District of Columbia employees exercising policymaking authority or (b) caused by District custom, policy, or practice.

## CLASS ALLEGATIONS

7. Plaintiffs Catherine Burgin, Joel Diamond, Paul Gilman, John B. Hopkins, Lynn Johnson, Michael Rice, Rebekah Ruth Rice, and Lauren Ross bring this suit on behalf of themselves and as a class action pursuant to the provisions of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the class of all persons arrested on the morning of September 27, 2002, on the eastern sidewalk of Connecticut Avenue between K and L Streets, N.W., Washington, D.C. There are forty-two members of this class. They are geographically dispersed throughout the United States, making joinder of all class members impracticable. The identity of the class members is known to the defendant through the arrest records of the Metropolitan Police Department.

8. Plaintiffs Laura Carrig, Sofiya Goldshteyn, Ethan Hirsh, Paul Kuttner, Will Maier, Raphi Rechitsky, James Robinson, and Zack Schulman bring this suit on behalf of themselves and as a class action pursuant to the provisions of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the class of all persons arrested on the morning of September 27, 2002, on the sidewalk of the northwest corner of Vermont Avenue and K Street, N.W., Washington, D.C. On information and belief, the class includes approximately 150 persons geographically dispersed throughout the United States, making joinder of all class members impracticable. The exact number and identity of the class members is known to the defendant through the arrest records of the Metropolitan Police Department.

9. The questions of law and fact common to the members of each of the respective classes include (a) whether police lacked probable cause to arrest or charge them; (b) whether the

length of their detention was unlawful; (c) whether their arrest, charge, handcuffing, detention, or other injury was motivated by unconstitutional animus—desire to disrupt and prevent demonstrations during the weekend of September 27-29, 2002, or to deter class members from demonstrating in the District in the future; and (d) whether their arrest, charge, cuffing, detention, or other injury was caused by a District of Columbia policymaker or was pursuant to a District of Columbia custom, policy, or practice of arresting and detaining demonstrators to prevent or deter them from participating in demonstrations, or a District of Columbia custom, policy, or practice of tolerating police use of excessive force against demonstrators.  A question of law and fact common to members of a numerous subclass of each of the classes is whether their subjection to injurious handcuffing without prompt loosening upon complaint was unlawful.  A question of law and fact common to each member of the class arrested at Vermont and K is whether their lengthy wrist to ankle cuffing was unlawful.

10.     The named plaintiffs' claims are typical of the claims of all members of their respective classes.  The interests of the named plaintiffs are not antagonistic to the interests of other members of their class, and the named plaintiffs will fairly and adequately protect the interests of members of their class.  Plaintiffs are represented by counsel competent to prosecute this civil rights class action.

11.     The questions of law and fact common to the members of each class predominate over any questions affecting only individual members, including legal and factual issues relating to damages.

12.     A class action is superior to other available methods for the fair and efficient adjudication of the claims.  The classes are readily defined and prosecution of a class action will

6

eliminate the possibility of repetitious litigation, while also providing redress for claims which in some instances may not be large enough to warrant the expense of individual litigation.

## FACTS

13. Class members arrested on the morning of September 27, 2002, on the eastern sidewalk of Connecticut Avenue between K and L Streets, N.W., were walking south, accompanied by a large number of police officers. Walking from Dupont Circle, they obeyed traffic signals and did not obstruct the movement of others. Nearly all stayed on the sidewalk, except when lawfully crossing intersecting streets. A few strayed briefly into the street but immediately obeyed police orders to return to the sidewalk. All were on the sidewalk when police lines converged on them from both directions on the sidewalk and from the street, trapping and compressing them. Some of those arrested were charged with failure to obey a police officer, though none of the persons who had strayed into the street had disobeyed police orders to return to the sidewalk, no other police orders had been given, and many charged with this offense had not strayed into the street. Other arrestees were charged with parading without a permit, though no one had obstructed the movement of others on the sidewalk, no order to disperse had been given, and many charged with this offense also had not strayed into the street.

14. Class members arrested on the morning of September 27, 2002, on the sidewalk of the northwest corner of Vermont Avenue and K Street, N.W., Washington, D.C. included persons who had been walking or standing on the sidewalk, obstructing no one, and persons who had been walking in the street. Converging lines of police blocked the sidewalk in both directions and herded persons from the street, trapping and compressing them with the persons on the sidewalk, and affording no one opportunity to leave. Some of the arrestees were charged with failure to obey a police officer, though no police order had been given, and the police had

7

not afforded opportunity to obey an order, had any been given. Some arrestees were charged with parading without a permit, irrespective of whether they had walked in the street, and though no obstruction of the sidewalk had occurred and no order to disperse had been given. A few were charged with other pedestrian traffic offenses that they had not committed.

15. At both arrest locations, the trapping and compression of the arrestees caused those who previously had been in the street to become commingled, or more commingled, with those who had not. During the trapping, compression, and arrests, the police used no procedure to record evidence distinguishing those who had been in the street from those who had not. The police had no reasonable basis to believe that, as to any arrestee, they could present at a subsequent judicial hearing evidence establishing probable cause to believe the arrestee had been in the street. After forcibly commingling those in the street with those on the sidewalk, eliminating the ability of the police to determine with requisite certainty who had been in the street and who had not, the police lacked probable cause to arrest or charge any of the individuals they had trapped.

16. The arrestees in both locations were handcuffed behind their backs for many hours, often injuriously and without prompt loosening upon complaint. Some arrestees were subjected to other excessive force. The Vermont and K arrestees later were detained on the floor of the police gymnasium, often with one of their wrists cuffed for many hours to the opposite ankle. The arrestees released earliest were not freed until late Friday afternoon. Many were detained until late Friday night. Many were detained through most or all of Saturday. Others were detained longer.

8

17. The police officers who arrested, cuffed, detained, charged, or otherwise injured class members acted under color of District of Columbia law and within the scope of their employment as District of Columbia police officers.

18. On information and belief, the true purpose of the arrests and charges was not to seek criminal convictions. The lengthy detentions, injurious handcuffing, and wrist to ankle cuffing were not reasonably necessary to achieve any legitimate end. Ordinarily, individuals arrested on minor charges such as those here are not detained until brought to court. Instead, they are released either upon issuance of a citation or upon their paying and forfeiting a small sum of money. The true purpose of the arrests, charges, lengthy detentions, injurious handcuffing, and wrist to ankle cuffing was to (a) disrupt and prevent political demonstrations scheduled for the weekend of September 27-29, 2002, when officials of the International Monetary Fund and the World Bank were meeting in Washington, D.C.; and (b) deter arrestees from participating in future political demonstrations in the District.

19. The arrests, charges, lengthy detentions, injurious handcuffing, and wrist to ankle cuffing were caused by a District of Columbia policymaker or were pursuant to a District of Columbia custom, policy, or practice of (a) arresting and detaining demonstrators to prevent or deter them from participating in demonstrations; or (b) wrist to ankle cuffing, or tolerating police use of other excessive force against demonstrators.

20. The class members suffered numerous injuries and damages, including the following, as a direct and proximate result of the customs, policies, and practices of the District of Columbia, the actions of District of Columbia policymakers, and the actions of the District of Columbia police officers who arrested, charged, detained, or cuffed class members or subjected them to other excessive force: monetary loss, including criminal fines, forfeited collateral, legal

9

fees and expenses, and other expenses arising out of their illegal arrest, detention, and mistreatment; bodily injuries; personal and reputational injuries, including pain and suffering, humiliation, anguish, and emotional distress; and loss and/or destruction of personal property.

21. On information and belief, defendant intends to employ similar mass arrest tactics in the future. It is likely that plaintiffs, class members, and others will again be participants or observers at demonstrations in the District of Columbia, and for this reason will, as a result of the decisions of District policymaking officials, or the District's customs, policies and practices, again be subject to arrest, charge, cuffing, detention, and other injuries.

## CONSTITUTIONAL CLAIMS FOR RELIEF

22. On the facts alleged above, defendant District of Columbia is liable to the named plaintiffs and the class members under 42 U.S.C. § 1983 for violation under color of law of their constitutional rights to freedom of speech, assembly, and association under the First Amendment to the United States Constitution; their constitutional right to be free from unreasonable seizure of their persons under the Fourth Amendment to the United States Constitution; and their constitutional right to be free from any deprivation of liberty or property without due process of law under the Fifth Amendment to the United States Constitution.

## COMMON LAW CLAIMS FOR RELIEF:

23. On the facts alleged above, defendant District of Columbia is liable to the named plaintiffs and the class members under District of Columbia law for false arrest and imprisonment, malicious prosecution, assault and battery, negligence, and intentional infliction of emotional distress.

24. The notice requirements of D.C. Code § 12-309 have been satisfied as to the named plaintiffs and the members of the class by virtue of the notice letter delivered by Daniel

10

M. Schember undersigned on March 26, 2003, by other notice letters sent by individual class members, and by reports and records of the Metropolitan Police Department regarding the arrests.

**PRAYER FOR RELIEF**

WHEREFORE, the named plaintiffs and the other class members request relief as follows:

(a) An order certifying this action as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, certifying the named plaintiffs as class representatives, and designating the undersigned as class counsel;

(b) Judgment declaring that the defendant violated the First, Fourth, and Fifth Amendment rights of the class;

(c) Compensatory and punitive damages against the defendant;

(d) A permanent injunction prohibiting defendant, and all persons acting as its agents or in concert with it, from:

    (i) taking pre-emptive action to confine, detain, or arrest individuals participating in or observing demonstrations;

    (ii) arresting individuals participating in or observing demonstrations on a charge of failure to obey a police order, or on a charge of unlawful assembly, without first having provided those individuals with fair notice of the order and opportunity to comply;

    (iii) arresting individuals participating in or observing demonstrations on a charge of parading without a permit absent probable cause to believe the individuals committed the offense and reasonable basis to believe that evidence establishing probable cause can be presented in a judicial proceeding;

    (iv)  handcuffing individuals arrested at demonstrations for nonviolent misdemeanors either in a manner that restricts blood circulation or without affording prompt response to complaint that the handcuffs are too tight;

    (v)  restraining misdemeanor arrestees by handcuffing a wrist to an ankle, unless such restraint is necessary to control an individual who is behaving in a violent or uncontrollable manner;

    (vi)  failing to provide individuals arrested and charged with nonviolent misdemeanors as a result of having participated in or witnessed demonstrations with a prompt opportunity to obtain a "citation release";

  (e)  An order compelling defendant to expunge all records of the arrests of the named plaintiffs and the other class members relating to the September 27, 2002 arrests, and compelling defendant to retrieve and expunge, or cause the expungement of, all such records that are in the hands of other government agencies as a result of having been transmitted or forwarded by defendant;

  (f)  An order directing defendant to reimburse criminal fines and forfeited collateral collected from the named plaintiffs and the other class members;

  (g)  Attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

  (i)  Such other relief, including injunctive relief, as is just and proper under the circumstances.

## JURY DEMAND

Trial by jury is demanded on all issues for which a jury trial is available.

Respectfully submitted,

_____
Arthur B. Spitzer, D.C. Bar No. 235960
Fritz Mulhauser, D.C. Bar No. 455377
American Civil Liberties Union of the National Capital Area
1400 20th Street, N.W., #119
Washington, D.C. 20036
202/457-0800

_____
Daniel M. Schember, D.C. Bar #237180
Susan B. Dunham, D.C. Bar # 362378
D.C. Chapter, National Lawyers Guild
Gaffney & Schember, P.C.
1666 Connecticut Avenue, N.W., Ste. 225
Washington, D.C. 20009
202/328-2244

Counsel for Plaintiffs

13