UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PAUL BAME, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-1833 (RMC) |
| ) | |
| JOHN F. CLARK, *et al.* ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Paul Bame, Gregory Keltner, and Ivan Welander sue John F. Clark, the Acting Director of the United States Marshals Service, Steve Conboy, the U.S. Marshal for the Superior Court of the District of Columbia, and Todd Dillard, former U.S. Marshal for the Superior Court, on behalf of themselves and other men[1] who were allegedly strip searched after being arrested on September 27, 2002, during several large protests against the policies of the International Monetary Fund ("IMF"). Messrs. Clark and Conboy are sued only in their official capacities; Mr. Dillard is sued only in his individual capacity. Defendants have filed a motion to dismiss or, in the alternative, for summary judgment. In response, Plaintiffs drop their claims against Messrs. Clark and Conboy and withdraw Counts 3 and 4. What remains are claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Investigation*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983 against Mr. Dillard

---

[1] The putative class in this case is confined to male arrestees because, according to Plaintiffs, the claims of female arrestees "are addressed under separate litigation." First Am. Compl. ¶ 28. The Court assumes that Plaintiffs are referring to *Johnson v. District of Columbia*, Case No. 02-cv-2364 (RMC), which is being brought on behalf of female individuals who were strip searched at the D.C. Superior Court. The Court acknowledges, but expresses no opinion regarding, the apparent inconsistencies between the factual allegations in *Johnson* and this case.

and unnamed Doe defendants. Mr. Dillard moves for dismissal, arguing that the *Bivens* count is untimely, that he is not a State actor subject to suit under § 1983, and in either case he is entitled to qualified immunity. The Court finds that the allegations against Mr. Dillard are sufficient to withstand dismissal under Rule 12(b)(6) and will therefore deny Defendants' motion as to him.

## I. FACTUAL BACKGROUND

Plaintiffs participated in protest demonstrations against the IMF and were arrested on September 27, 2002. First Am. Compl. ¶¶ 4-6, 17. Hundreds of other protestors were similarly arrested by the D.C. Metropolitan Police Department ("MPD"). *Id.* ¶ 18. Sometime during the evening of September 27, the arrestees were remanded to the custody of the U.S. Marshals Service ("USMS") and were held in cells at the D.C. Superior Courthouse for arraignment. *Id.* ¶ 19.

While in custody of the USMS, the arrestees were allegedly subjected to strip searches without individualized reasonable suspicion for doing so. *Id.* ¶ 21. It is asserted that these strip searches were "intimidating, humiliating, and subjected each class member to strong emotional distress." *Id.* ¶ 24. Ultimately, all arrestees were either released on bond after pleading guilty to a misdemeanor offense such as failure to obey a police officer or "incommoding," or were released without any charge being advanced. No arrestee was tried or convicted of any felony. *Id.* ¶ 27. Plaintiffs filed suit on September 15, 2005. They seek class certification, damages, and attorneys' fees and costs. *Id.*, Prayer for Relief ¶¶ 1-3.

## II. LEGAL STANDARDS

In resolving a Rule 12(b)(6) motion, the Court must treat the complaint's factual allegations — including mixed questions of law and fact — as true and draw all reasonable inferences in the plaintiff's favor. *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004);

*Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003). It is not necessary for the plaintiff to plead all elements of his prima facie case, *see Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or to "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotations and citation omitted). The Court will not dismiss a complaint for failure to state a claim unless the defendant can show that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003); *Gilven v. Fire*, 259 F.3d 749, 756 (D.C. Cir. 2001).

In deciding a 12(b)(6) motion, the Court may typically consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted). However, the Court may, in its discretion, consider matters outside the pleadings and thereby convert a Rule 12(b)(6) motion into a motion for summary judgment. *See* Fed. R. Civ. P. 12(b); *Yates v. Dist. of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003).

### III.  ANALYSIS

**A.    Claims Against Messrs. Clark and Conboy**.

The Amended Complaint names as defendants Messrs. Clark and Conboy in their official capacities, and alleges against them causes of action under 42 U.S.C. § 1983 for failure to train and for maintenance of an unlawful custom, policy, or practice. *See* Am. Compl. ¶¶49 - 58. Defendants move to dismiss the claims against Messrs. Clark and Conboy on a variety of grounds, including sovereign immunity. Def.'s Mem. of P. & A. in Supp. of Mot. to Dismiss or, in the Altern., for Summ. J. ("Def.'s Mem.") at 2-5. In response, Plaintiffs concede that they cannot state

official-capacity claims against those Defendants. Pl.'s Mem. of P. & A. In Opp. to Def.'s Mot. to Dismiss or, in the Altern., for Summ. J. ("Pl.'s Mem.") at 1. Accordingly, the Court will grant Defendants' motion as to Messrs. Clark and Conboy, and the claims against them will be dismissed.

### B. Timeliness of *Bivens* Claims.

The only remaining named Defendant is former Marshal Dillard, who is sued (along with unnamed Doe defendants) in his individual capacity under both *Bivens* and 42 U.S.C. § 1983. Mr. Dillard first argues that the *Bivens* claim against him is subject to dismissal because it is barred by the statute of limitations.

The cause of action under *Bivens* against a federal employee who allegedly has violated a citizen's constitutional rights was established by the Supreme Court and is found in no statute. The Court made no explicit finding and gave no direction as to the appropriate statute of limitations. Therefore, the federal courts look to the law of the forum State, here the District of Columbia, for guidance. *See, e.g.*, *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1114 (D.C. Cir. 1985). Defendant urges the Court to adopt the one-year statute of limitations set forth at D.C. Code § 12-301(4) which applies to actions "for libel, slander, assault, battery, mayhem, wounding, malicious prosecution, false arrest or false imprisonment." Def.'s Mem. at 13. Plaintiffs argue that the statute of limitations in D.C. Code § 12-301(8), which gives three years to institute a suit on a cause of action "for which a limitation is not otherwise specially prescribed," should apply. Pl.'s Mem. at 16.

In this Circuit, the state of the law is that the three-year statute of limitations found in "§ [12-]301(8) applies to most *Bivens* actions," unless the claim is "for constitutional torts specifically listed" in § 12-301(4). *Banks v. Chesapeake & Potomac Tel. Co.*, 802 F.2d 1416, 1428-

29 (D.C. Cir. 1986) (citing *Hobson v. Wilson*, 737 F.2d 1, 32 (D.C. Cir. 1984)). Defendant need not fear that the Circuit (or this Court) is blindly relying on *Wilson v. Garcia*, 471 U.S. 261 (1985), which applied the personal injury statute of limitations to actions under 42 U.S.C. § 1983. According to Defendant, "[c]ourts in other jurisdictions have . . . incorrectly assumed that the statutory analysis applied in *Wilson* should also be applied in the *Bivens* context." Defs.' Mem. at 13 n.4. In *Banks*, the D.C. Circuit addressed *Garcia* and noted that "[i]f the *Garcia* opinion also applies to *Bivens* actions, this case-by-case approach will no longer be valid." *Id.* at 1429 n. 22. *Banks*, which is controlling, recognized that the personal injury statute of limitations does not automatically apply to *Bivens* claims.

The question is, therefore, whether or not Plaintiffs' claims — as pled in the Amended Complaint — are most analogous to the specific torts identified in § 12-301(4). Mr. Dillard cites *Profitt v. District of Columbia*, 790 F. Supp. 304, 310 (D.D.C. 1991), for the proposition that strip searches would constitute an assault if not lawfully conducted. Finding the statute of limitations for assault to be one year under § 12-301(4), he argues that the *Bivens* claim is untimely. Def.'s Reply Mem. at 17. Plaintiffs argue that their *Bivens* claim is in the nature of a personal injury claim and, as explicitly pled in the Amended Complaint, a violation of their Fourth Amendment rights to be free from unreasonable searches. Pl.'s Mem. at 16-17. Since neither of these kinds of claims is specifically listed in § 12-301(4), they rely on § 12-301(8)'s three-year limitations period. *Id.*

In deciding a motion to dismiss, the Court must give the Plaintiffs the benefit of all reasonable inferences that might be found in their complaint. The Amended Complaint specifically alleges that the Plaintiffs "have a right protected under the Fourth Amendment to the United States

Constitution not to be subjected to unreasonable searches and seizures by persons acting under United States . . . governmental authority." First Am. Compl. ¶ 31. Looking at this allegation in the light most favorable to Plaintiffs, the Court does not agree that it is analogous to an assault claim. Although the allegedly unconstitutional search was of Plaintiffs' bodies and may have constituted an assault if not authorized by law, the harm transcends that of a mere assault. The alleged injury was not only to Plaintiffs' bodies and personal dignity, it was allegedly to Plaintiffs' rights against unwarranted government intrusion into places in which they had a reasonable expectation of privacy. The Court will not shortchange the Plaintiffs' pleading and erase its constitutional allegations by transforming the suit into a common-law assault case — especially at this stage in the proceedings. Accordingly, the motion to dismiss the *Bivens* claim as untimely will be denied.

      **B.**    **Section 1983 Claims.**

Mr. Dillard moves to dismiss the § 1983 claim against him because only state actors can violate § 1983 and Mr. Dillard was a federal employee. Def.'s Mem. at 5-12. Plaintiffs do not dispute that § 1983 applies only to state actors; rather, they argue that the D.C. Superior Court Marshals also serve as agents of the District of Columbia when they hold arrestees in the Superior Court jail cells and, therefore, are potentially subject to liability as "State" actors. Pl.'s Mem. at 19-21.

The Court concludes that the Amended Complaint sufficiently alleges that former Marshal Dillard and the unnamed Doe defendants were acting under color of D.C. law when they strip searched Plaintiffs and the putative class members. Specifically, the Amended Complaint alleges that former Marshal Dillard and the Doe defendants were acting jointly with the District of Columbia and the MPD for purposes of policing the conduct of protestors on September 27, 2002,

and that former Marshal Dillard and his deputies derived their authority over Plaintiffs from cooperative agreements between the District of Columbia and the Marshal's Service. First Am. Compl. ¶¶ 40-41. Plaintiffs also contend that former Marshal Dillard's conduct was funded in part by the District of Columbia. *Id.* at ¶ 42. These allegations — while scant — sufficiently allege state action. *See Williams v. United States*, 396 F.3d 412, 414 (D.C. Cir. 2005) (holding that a person may be considered a state actor for purposes of § 1983 if he is a "willful participant in joint activity with the State or its agents."); *see also Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003) ("it is assumed that a § 1983 action can lie against federal employees—as it can against private individuals—if they conspire or act in concert with state officials to deprive a person of her civil rights under color of state law."); *cf. Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982) (holding that conduct is actionable under § 1983 if it is "fairly attributable to the State.").

Former Marshal Dillard disputes these allegations and argues that there was no concerted action between him and the District of Columbia. *See* Def.'s Mem. at 11-12. But because Mr. Dillard submitted no evidence supporting the factual contentions in his briefs, the Court declines to exercise its discretion to convert the motion into one for summary judgment. This does not mean, of course, that Plaintiffs have established that former Marshal Dillard was a state actor; discovery may well prove that he was not. Moreover, the Court's ruling does not mean that Plaintiffs are free to pursue both their *Bivens* theory and their § 1983 theory all the way to trial. The Court construes the Amended Complaint to present alternative theories of liability based on Plaintiffs' current information and belief, which they may do at the pleading stage. *See, e.g.*, *Weyrich v. New Republic, Inc.*, 235 F.3d 617, 628 (D.C. Cir. 2001) (holding that plaintiffs may plead similar but mutually exclusive torts in the alternative). Once discovery has concluded, Mr. Dillard will be free to move

for summary judgment on Plaintiffs' § 1983 claim — assuming, of course, that the facts ultimately support his contention that he was a not a state actor.

### C.     Qualified Immunity.

Mr. Dillard also argues that regardless of what theory of liability is asserted against him, he is entitled to qualified immunity for any claims arising out of alleged strip searches at the D.C. Superior Court. Def.'s Mem. at 16-24. The first step in deciding if qualified immunity applies is to determine whether the complaint alleges the deprivation of a constitutional right. *Int'l Action Ctr. v. United States*, 356 F.3d 20, 24 (D.C. Cir. 2004). Mr. Dillard's arguments as to why the strip searches were reasonable and did not violate the Fourth Amendment are based on a wide range of factual contentions, many of which Plaintiffs dispute. *See* Def.'s Mem. at 21-23; Pl.'s Mem. at 5-7, 10. Given that the constitutionality of the strip searches depends, *inter alia*, upon what facts were known to and considered by the officers who conducted the searches, the Court declines to consider Defendants' argument until a more fully developed factual record is established through discovery. Because the Court declines to convert Defendants' motion into one for summary judgment, it will deny Plaintiffs' motion to take discovery under Rule 56(f) as unnecessary. For purposes of the present motion, the Amended Complaint alleges that U.S. Marshals subjected class members to blanket strip searches without a reasonable individualized suspicion that the class members were concealing weapons or contraband. *See, e.g.*, First Am. Compl. ¶ 21. These allegations, if true, could establish violations of the Fourth Amendment. *See, e.g.*, *Shain v. Ellison*, 273 F.3d 56, 62-66 (2d Cir. 2001) (holding that a county jail's blanket strip search policy violated Fourth Amendment).

Even though Plaintiffs have alleged the violation of a constitutional right, former Marshal Dillard may still be entitled to qualified immunity at this stage if the constitutional right was

not clearly established at the time of the alleged violation. *See Int'l Action Ctr.*, 356 F.3d at 24. Although there are no D.C. Circuit opinions addressing the exact conduct alleged here, relevant Supreme Court authority provides sufficiently clear guidance to government officials regarding the proper scope of strip searches of arrestees such as the putative class members. *See Bell v. Wolfish*, 441 U.S. 520, 558-60 (1979) (establishing a balancing test to determine whether a strip search is valid under the Fourth Amendment). Based on *Bell*, the Court finds that it would have been clear to any reasonable official in former Marshal Dillard's position that strip searching all misdemeanor arrestees in the putative class, without any individualized suspicion that they were concealing contraband, was unconstitutional under the Fourth Amendment. Accordingly, former Marshal Dillard is not entitled to qualified immunity at this stage in the proceeding.

      **D.**      **Lack of Standing.**

Finally, Defendants argue for dismissal on the ground that the named Plaintiffs are inadequate to represent the class because their names do not appear on the Lock Up lists which they attached to their motion for class certification. Def.'s Mem. at 14. This argument is, obviously, more properly considered in the context of Plaintiffs' motion for class certification, not in this motion to dismiss. The Court will therefore consider this argument when the time is right.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion to dismiss in part and deny it in part. Because Plaintiffs concede that they cannot state official capacity claims against Messrs. Clark and Conboy, the motion as to those Defendants will be granted. The motion will be denied, however, as to the claims against former Marshal Dillard because the Amended Complaint

adequately alleges both a *Bivens* claim and, in the alternative, a § 1983 claim against him. A memorializing order accompanies this Memorandum Opinion.

/s/
ROSEMARY M. COLLYER
United States District Judge

DATE: December 11, 2006