UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Paul Bame, et al., ) | |
| ) | |
| Plaintiffs on behalf of themselves ) and all others similarly situated ) | |
| ) | |
| v. ) | Civil Action No. 1:05cv01833(RMC) |
| ) | Status conference set for 8/3/07 2:30 p.m. |
| Todd Dillard, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**PARTIES' REPORT TO COURT
REQUIRED PURSUANT TO L.Cv.R. 16.3(c) and (d)**

Pursuant to L.Cv.R. 16.3, undersigned counsel met by telephone on July 19, 2007 and hereby submit the following supplemental report on the parties' positions:

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

Plaintiffs ask that the case be handled as complex litigation, as a class action. The parties submit that the action is unlikely to be disposed of by further motion at this time, but the issue of liability could possibly be disposed of by motion after discovery has been conducted.

The Named Defendants[1] submitted a dispositive motion based, inter alia, upon the Defendant Dillard's alleged qualified immunity. [30] 4/19/2006. That motion was granted in part and denied in part by the Court.[45] 12/11/2006.

---

[1] According to the First Amended Complaint ("Complaint"), the named defendants included: John F. Clark, Acting Director of the United States Marshals Service (sued in his official capacity only); Steve Conboy, United States Marshal for the Superior Court of the District of Columbia (sued in his official capacity only); and Todd W. Dillard, former United States Marshal for the Superior Court of the District of Columbia (sued in his individual capacity only). Plaintiffs consented to the dismissal of John F. Clark, and Steve Conboy in response to the motion to dismiss. In the caption of the Complaint numerous "John Does" are named as defendants, who are not currently represented in this matter.

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties propose that any further amendments to the complaint should be made upon motion under Fed. R. Civ. P. 15, and that a date should be established for any such motion which should be 45 days after entry of a scheduling order. Plaintiffs anticipate adding two additional plaintiffs, and naming as defendants the currently unnamed Deputy U.S. Marshals described in the First Amended Complaint.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not consent to having the action assigned to a Magistrate Judge for all purposes.

**(4) Whether there is a realistic possibility of settling the case.**

Plaintiffs see a realistic possibility of settling the case following the completion of discovery.

The Named Defendants submit that there is some possibility of settling the action.

The parties remain open to engage in settlement discussions even as discovery may progress.

**(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties submit that ADR at this early stage of the process would be premature, but that upon completion of discovery, ADR may be appropriate.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The parties believe that after discovery has been completed, it may be possible to resolve some or all of the liability issues with motions for

Summary Judgment. The parties propose that motions for summary judgment be filed within sixty days following the completion of liability discovery.

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties propose to exchange initial disclosures on or before August 17, 2007.

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties expect to need until January 31, 2008, to complete discovery assuming full cooperation, but the Named Defendants submit that an additional phase of discovery would be needed from each plaintiff as to potential damages, should the Named Defendants' post-discovery dispositive motion not be granted. The parties expect their discovery to include depositions, interrogatories, requests for production and requests for admissions.

Plaintiffs will not be able to determine whether they require more than the standard 25 Interrogatories and 10 depositions specified in L.Cv.R. 26.2(b) until after they have had an opportunity to review the materials produced by defendants in initial discovery. Therefore, plaintiffs ask the Court to give plaintiffs leave to set forth their reasons, if any exist, for more than 25 Interrogatories and/or more than 10 depositions, ten calendar days after defendants have completed their initial disclosure pursuant to Rule 26(a)(1). The parties anticipate filing a stipulated protective order consistent with the Privacy Act, 5 U.S.C. § 552a(b)(11), and law enforcement privileges prior to initial disclosures. The Named Defendants propose that the presumptive discovery limits be

3

imposed at this time, and that the parties discuss any increase to those presumptive limitations if the need arises.

**(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties propose that Rule 26(a)(2) disclosures for expert witnesses occur as follows: Plaintiffs shall provide any expert reports by October 5, 2007, and Defendants shall provide any expert reports by December 10, 2007.

**(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Plaintiffs filed their motion for class certification on February 8, 2006 [18]. Defendants' response to the motion was filed 4/05/2006 [26]. And Plaintiffs' reply was filed 4/21/06 [31].

The motion remains pending before the Court, awaiting resolution.

In the event the motion is granted, the parties require discovery concerning the names and addresses and other identifying information of the members of the proposed class.

Plaintiffs propose no oral argument or evidentiary hearing should be required on the motion for class certification. The Named Defendants recommend oral argument only if it would assist the Court in resolving the issues. The parties propose as early a date as possible for a decision on the motion, as adjudication of this motion should assist the parties in undertaking settlement negotiations and determining the full extent of discovery.

**(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties propose bifurcation of the resolution of the case into a liability phase and a damages phase, and propose that the Court also bifurcate substantive discovery in the

4

same manner, so that damages discovery would occur, if necessary, after liability is determined by motion or trial.

**(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties suggest that the Court schedule a status conference 30 days after the Court's final ruling on the parties' dispositive motions, if claims remain. The parties also recommend that a pretrial conference, if necessary, be scheduled to occur thereafter.

**(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties suggest that the trial date be set at any pretrial conference.

**(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The Named Defendants note that there exists a possibility that the purported class in this case might be subsumed in a class being proposed in <u>Johnson</u> v. <u>Government of the District of Columbia</u>, Civil Action No. 02-2364 RMC.

Respectfully submitted,

_____
Lynn E. Cunningham, Esq.
D.C. Bar No. 221598
P.O. Box 1547
Dubois, Wyoming 82513
Phone: 307-455-3334/3374
Fax: 307-455-3334
Email: lcunningham@law.gwu.edu

Zachary Wolfe, Esq.
D.C. Bar No. 463548

People's Law Resource Center
1725 I Street, NW, Suite 300
Washington, DC 20006
Phone: 202 265 5965
email: zwolfe@peopleslawresourcecenter.org

Attorneys for Plaintiffs

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC 20530
(202) 514-7230

Attorneys for Defendants