UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Paul Bame, et al.<br>Plaintiffs on behalf of themselves<br>and all others similarly situated<br><br>vs.<br><br>Todd Walther Dillard, et. al.<br>Defendants | )<br>)<br>)<br>)<br>)  Civil Action No. 1:05cv01833(RMC)<br>)  No hearings scheduled<br>)<br>)<br>) |

PLAINTIFFS' MOTION
TO AMEND COMPLAINT PURSUANT TO RULE 15

    Named plaintiffs Paul Bame, Ivan Welander, and Gregory Keltner, by undersigned counsel, hereby move the Court for leave to file a second amended complaint pursuant to F.R. Civ. P. 15.

    The second amended complaint names two additional plaintiffs to represent the proposed class, provides actual names of individual defendants who had been identified in the previous complaint as the U.S.M.S. staffmembers involved in the strip searches, and deletes two claims and party defendants which had appeared in the previous complaint, but were dismissed earlier in the case.

    The Court's Scheduling Order of August 6, 2007 [#50] provided the parties until September 20, 2007 to join third parties or to amend the pleadings.

    Plaintiffs' counsel has requested leave from defendant's counsel to file this motion. Defendant's counsel consents to the portion of the motion deleting certain claims and parties previously dismissed from the case, consents to the portion of the motion intervening two additional named plaintiffs, and opposes the part of the motion concerning the identifies of the individual defendants.

Respectfully submitted,

/s/ Lynn E. Cunningham
Lynn E. Cunningham, Esq.
D.C. Bar No. 221598
P.O. Box 1547
Dubois, Wyoming 82513
Phone: 307-455-3334/3374
Fax: 307-455-3334
Email: lcunningham@law.gwu.edu

/s/ Zachary Wolfe
Zachary Wolfe, Esq.
D.C. Bar No. 463548
People's Law Resource Center
1725 I Street, NW, Suite 300
Washington, DC 20006
Phone: 202 265 5965
email: zwolfe@peopleslawresourcecenter.org

Dated: September 20,2007

CERTIFICATE OF SERVICE

I hereby certify that I have caused a true copy of Plaintiffs' Motion to File Plaintiff's Second Amended Class Action Complaint for Compensatory and Punitive Damages to served by electronic case filing this 20th day of September, 2007 upon the following:

Mark Nebeker, attorney for all defendants


/s/ Lynn E. Cunningham
Lynn E. Cunningham, Esq.,
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Paul Bame, et al.                      )
Plaintiffs on behalf of themselves     )
and all others similarly situated      )
                                       )
vs.                                    )     Civil Action No. 1:05cv01833(RMC)
                                       )     No hearings scheduled
Todd Walther Dillard, et. al.          )
Defendants                             )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF
PLAINTIFFS' MOTION TO AMEND COMPLAINT
PURSUANT TO RULE 15.

Plaintiffs Paul Bame, et al., by counsel, request leave of the Court to file a second amended complaint pursuant to F. R. Civ. P Rule 15. The second amended complaint accomplishes three changes. First, two additional plaintiffs are named to represent the proposed class. Second, twenty-three additional defendants are named as individuals liable on the claims pending in this action. Third, the second amended complaint omits two claims and certain defendants which were pled in the first amended complaint, but were dismissed earlier in this action.

TWO ADDITIONAL PLAINTIFFS ARE NAMED.

John Joel Duncan and Nicholas Church are two men who were arrested on September 27, 2002 at the protests at issue in this action, and were strip searched with the other named plaintiffs and other members of the proposed class.[1] Their have standing to join in making the claims pending herein. Like the other named plaintiffs, they are qualified to represent the proposed class, as set forth in the allegations concerning them in second amended complaint.

F.R. Civ. P Rule 15 permits the plaintiff to file an amended complaint, "when justice so

---

[1] Plaintiffs' Motion for Class Certification was filed with the Court on February 8, 2006. [Docket # 18].

1

requires."[2]  Courts commonly permit plaintiffs to amend their complaint in class actions to add additional named plaintiffs.  *See, e.g.*, *Parker v Crown, Cork & Seal Co.* 677 F.2d 391 (4th Cir. 1982), *affd*, 462 US 345 (1983).

SECOND, ADDITIONAL DEFENDANTS ARE NAMED IN THE AMENDMENTS.

In the original complaint filed herein, plaintiffs filed their claims against the "fifteen U.S. Marshals Service staff members" who had participated in the conduct of the strip searches complained of herein.  The names of these staff members were not provided to the plaintiff until defendant Marshal Dillard made his initial disclosures to the plaintiffs on August 17, 2007.

Plaintiffs now seek leave of the Court to substitute the actual names of the intended defendant U.S.M.S. staff members for the references in the original complaint to "John Does".[3]  Plaintiffs' urge the Court hold that the proposed amendment "relates back" to the original filing of the initial complaint herein.

First, F. R. Civ. P. Rule 15 provides that leave to amend pleadings should be "freely given when justice so requires."  Here, inavoidable delay in placing the actual names of the U.S.M.S. defendants before the Court is the only issue.  The delay was caused by the plaintiffs' lack of personal knowledge of the actual names of the U.S.M.S. staff who conducted the searches.  The plaintiffs now make this motion promptly after they learned of the names.

Amending the complaint herein is permitted since the filing relates back to before the relevant statute of limitations on the claims had expired.  This Court has ruled herein that the statute of limitations on the claims raised is three years.  Order entered 12/11/2006[# 45 ].  The

---

[2]  Rule 15(a) provides in part: "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

[3]  The United States Circuit Courts of Appeal appear to agree generally that the provision of the actual name of a person referenced in the original complaint as a John Doe constitutes the substitution of a new party.  Plaintiffs will assume that that is the law in the D.C. Circuit.

claims accrued on September 28, 2002. The initial complaint was filed on September 13, 2005 [# 1]. Hence the provision of the actual names of the U.S.M.S. staff defendants must relate back to the filing of the original complaint in order for the claims to avoid being time barred as to these defendants.

Plaintiffs respectfully submit that F.R.Civ.P. Rule 15(c) permits the filing of the second amended complaint. First, Rule 15(c)(1) by itself does not resolve this issue, since this section requires that the applicable statute of limitations permit the filing of the amendments, which, as indicated, it does not.

Second, Rule 15(c)(2) requires that the "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading...". Here the claims against the newly named defendants plainly arose from the same "conduct, transaction, or occurrence" set forth in the original complaint, as a plain reading of both shows. Both the original complaint [# 1] and the proposed second amended complaint address the illegal strip search of class members by U.S.M.S. personnel on September 28, 2002. There are no dates, possible party defendants, or culpable activities or plaintiffs which differ between the two pleadings.

Third, Rule 15(c)(3) provides that

> "the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and Complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

The requirements of Rule 15(c)(3) are met since subsection (2) is satisfied, as just noted, and the parties defendant named in the second amended complaint have received notice of the action through the operation of the second sentence of Rule 15(c)(3) which provides as follows:

> "The delivery or mailing of process to the United States Attorney, or United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the

requirement of subparagraphs (A) and (B) of this paragraph (3) with respect to the United States or any agency or officer thereof to be brought into the action as a defendant."

All newly named defendants are officers of a United States governmental entity, the U.S. Marshals' Service, which is an office or agency of the United States Department of Justice. Process was served on both the U.S. Attorney and the Attorney General of the United States agency in a timely manner. Docket #4 and #6 (return of service on the U.S. Attorney and the U.S. Attorney General). Hence, the requirements of the last sentence of Rule 15(c)(3) are satisfied and the proposed amendments naming the additional defendants are eligible for filing.

This straightforward analysis accords with the outcomes of similar analysis by other courts with regard to relation back of amendments against newly named party defendants who are NOT employed by a United States agency, and, hence, not covered by the second sentence of Rule 15(c)(3) providing for service on United States attorneys.

F.R.Civ.P. Rule 15(c) and the case law applying it have long recognized that in some civil rights and prison litigation, even outside the federal agency context, an injured plaintiff may not know or easily be able to determine the names of the alleged wrongdoers among police or prison staff until well after a case is filed. It has become common practice for such plaintiffs to name the defendants as "John Does" in the initial complaint until the actual names of the defendants described in that complaint are determined through discovery. The courts applying this doctrine to police and prison officials, outside the context of United States agency involvement, have recognized several factors to determine that the later provision of the actual names of the defendant staff members does in fact "relate back" to the time before the relevant statute of limitations has run. *See, for example, Ortiz v. Bettancourt-Lebron*, 146 F.R.D. 34 (D. P.R. 1992); *Blaskiewicz v. Co. Of Suffolk*, 29 F. Supp. 2d 134, 42 Fed. R. Serv.3d 1324 (E.D. N.Y. 1998), *Stone v. Holzberger*, 807 F.Supp. 1325 (S.D. Ohio 1992) ; *Simpson v. City of Maple Heights*, 720 F.Supp. 1303 (N.D. Ohio1988); *Cf.*, *Delgado-Brunet v. Clark*, 93 F.3d 339 (7th Cir.

4

1996) (amendments not permitted).[4]

Because of the clear guidance of Rule 15(c)(3) with regard to federally related police personnel in this case, the Court need not undertake the analysis used in these other cases. Nevertheless, these cases shed light on the Rule 15 policy of allowing pleadings to be freely amended in the interests of permitting parties to bring their claims fairly before the Court, even while recognizing the importance of closure doctrines provided by the statutes of limitations.

PREVIOUSLY DISMISSED CLAIMS AND PARTY DEFENDANTS
IN THIS ACTION ARE DELETED FROM THE SECOND AMENDED COMPLAINT.

The first amended set forth official capacity claims against two U.S.M.S. officials named in their official capacities. These claims and officials were dismissed from the action by the Court's Order [# 45] entered December 11, 2006. According these parties and claims are deleted from the Second Amended Complaint.

CONCLUSION

For the reasons set forth herein, plaintiffs respectfully request this Honorable Court to grant plaintiffs leave to file their proposed Second Amended Complaint submitted with this motion.

Respectfully submitted,

/s/ Lynn E. Cunningham
Lynn E. Cunningham, Esq.
D.C. Bar No. 221598
P.O. Box 1547
Dubois, Wyoming 82513
Phone: 307-455-3334/3374
Fax: 307-455-3334
Email: lcunningham@law.gwu.edu

---

[4] Of course, the *Bivens* case itself was filed against "six unknown agents" of the federal government. *Bivens v Six Unknown Agents*, 403 U.S. 388, 91 S. Ct. 1999 (1971).

/s/ Zachary Wolfe
Zachary Wolfe, Esq.
D.C. Bar No. 463548
People's Law Resource Center
1725 I Street, NW, Suite 300
Washington, DC 20006
Phone: 202 265 5965
email: zwolfe@peopleslawresourcecenter.org

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Paul Bame, et al.<br>Plaintiffs on behalf of themselves<br>and all others similarly situated<br><br>vs.<br><br>Todd Walther Dillard, et. al.<br>Defendants | Civil Action No. 1:05cv01833(RMC)<br>No hearings scheduled |

### ORDER

Upon consideration of plaintiffs' MOTION TO AMEND COMPLAINT PURSUANT TO RULE 15, defendants' responses thereto, and all the premises herein, it is this _____ day of _____, 2007 hereby

ORDERED THAT plaintiffs are granted leave to file with the Court their Second Amended Complaint appended to their MOTION TO AMEND COMPLAINT PURSUANT TO RULE 15.

_____
Hon. Rosemary M. Collyer
United States District Judge

Copies to:

Lynn E. Cunningham, Esq.
D.C. Bar No. 221598
P.O. Box 1547
Dubois, Wyoming 82513
Phone: 307-455-3334/3374

/s/ Zachary Wolfe
Zachary Wolfe, Esq.
D.C. Bar No. 463548
People's Law Resource Center
1725 I Street, NW, Suite 300
Washington, DC 20006
Phone: 202 265 5965

7

Attorneys for Plaintiffs

W. MARK NEBEKER, Esq.
DC Bar #396739
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, DC 20530
(202) 514-7230

Attorney for Defendants