UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PAUL BAME, et al., )<br>)<br>    Plaintiffs, )<br>)<br>   v. )<br>)<br>JOHN F. CLARK, et al., )<br>  Acting Director, )<br>  U.S. Marshals Service, )<br>)<br>    Defendants. )<br>_____ ) | Civil Action No. 05-1833 RMC |

MEMORANDUM OF MOTIONS TO AMEND COMPLAINT IN TO ADD PARTIES

INTRODUCTION

Plaintiffs, Paul Bame, Gregory Keltner and Ivan Welander brought this purported class action on behalf of themselves and in what they argue is a representative capacity for other men who were allegedly subject to a strip search after being arrested on September 27, 2002, during several large protests against International Monetary Fund ("IMF") policies. See First Amended Complaint, ¶¶ 1, 4-6, 12, 15. Plaintiffs' first amended complaint was brought against John F. Clark and Steve Conboy,[1] against Todd Dillard, Former United States Marshal for the Superior Court District of Columbia in his individual capacity and against 15 "John Does . . . United States Deputy Marshals for the District of Columbia, D.C. Superior Court for the District of

---

[1] John F. Clark and Steve Conboy, were each sued only in their official capacities and were dismissed earlier in this action.

Columbia". <u>Id.</u>, Caption, ¶¶ 7-10. Plaintiffs' proposed Second Amended Complaint seeks three changes. First, two additional plaintiffs would be named to represent the proposed class. Second, twenty-three additional defendants are named as individuals liable on the claims pending in this action. Third, the second amended complaint omits two claims and certain defendants which were raised in the first amended complaint, but were dismissed earlier in this action. Defendants do not object to Plaintiffs' motion insofar as it seeks amendment to delete certain claims and parties previously dismissed from the case. Defendants also do not object to the addition of two additional plaintiffs <u>only in the event that class certification is permitted and allowed to stand in the case</u>,[2] otherwise Defendants object to the addition of these new Plaintiffs as futile, because the claims by these additional individual plaintiffs were commenced well beyond the limitations period.[3] Defendants oppose

---

[2] This acquiescence is based upon the assurance of Plaintiffs' counsel that the two additional plaintiffs were, like the original plaintiffs, only identified at the time of their searches as "John Does." Thus, the memoranda already on file that address the issue of standing to act as class representatives apply equally to Nicholas Church and John Joel Duncan as to the original plaintiffs.

[3] Plaintiffs' counsel has indicated that Defendants earlier had acquiesced in the addition of two new plaintiffs. Counsel for the defendants do not believe that they ever consented to the unconditional addition of these two new plaintiffs, but regrets any confusion that may have arisen in this regard as a result of the candid efforts to resolve the issue informally. The Court may wish to resolve the issue surrounding the addition of new

Plaintiffs' motion for leave to file a second amended complaint insofar as it seeks to add 23 individual United States Marshals Service ("USMS") personnel as defendants for the referenced 15 John Doe defendants in the original complaint. Pursuant to Fed. R. Civ. P. 15, the proposed amendment cannot relate back to Plaintiffs' initial complaint and would be untimely.[4]

## ARGUMENT

A.  Plaintiffs cannot apply the relation back doctrine to add individual defendants outside the statute of limitations.

Because Plaintiffs failed to name the individual defendants within the statute of limitation period, Plaintiffs may not now add the individual defendants. Plaintiffs' Bivens cause of action arises under the Constitution. However, the Constitution does not contain a statute of limitations. In the absence of a specified statute of limitations, courts generally look to the most closely analogous state statute of limitations. Wilson v. Garcia, 471 U.S. 261, 266 (1985). This Court has held that the statute of limitations for Plaintiffs' Bivens action is the three-year statute of limitations for personal injury claims

---

plaintiffs after the class certification issue has been finally resolved.

[4]  Indeed, Plaintiffs concede that their amendment cannot proceed absent satisfaction of the relation back doctrine found in Fed. R. Civ. P. 15(c). See Plaintiffs' Mem. at 3 ("the provision of the names of the U.S.M.S. staff defendants must relate back to the filing of the original complaint in order for the claims to avoid being time barred as to these defendants.").

under District of Columbia law.  <u>See</u> December 11, 2006 Order (Docket No. 45).  In this case, the Plaintiffs' claims arose on September 28, 2002.  Consequently, Plaintiffs had no later than September 28, 2005, within the three-year statute of limitations, to name and add individual defendants.  Plaintiffs filed the initial complaint on September 13, 2005, against 15 unknown "John Doe" Deputy U.S. Marshals.  As explained herein, failure to identify and name individuals within the statutory period precludes relation back to the time of the filing of the original complaint.  <u>Worthington v. Wilson</u>, 8 F.3d 1253, 1256 (7th Cir. 1993) (finding that Fed. R. Civ. P. 15(c) prevented Plaintiff from availing of the relation back doctrine where complaint was filed against "unknown police officers" and Plaintiff had not named as defendants the individual police officers within the statute of limitations period).  Thus, Plaintiffs may not now name individual defendants more than two years after the statute of limitations has expired.

    B.  <u>Plaintiffs cannot apply the relation back doctrine to add individual defendants after the statute of limitations has run where the defendants were not identified in the original complaint.</u>

Rule 15(c) permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here,

there is a lack of knowledge or identity of the defendant.  See Rendall-Speranza v. Nassim, 107 F.3d 913, 919 (D.C. Cir. 1997); Delgado-Brunet v. Clark, 93 F.3d 339, 344 (7th Cir. 1996); Wood v. Worachek, 618 F.2d 1225, 1230 (7th Cir. 1980); Worthington v. Wilson, 8 F.3d at 1256-57 (7th Cir. 1993).  Rule 15(c) provides that an amendment to change the parties against whom a claim is asserted "relates back to the date of the original pleading," if three conditions are met: (1) "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth... in the original pleading," (2) "within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment ... has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits,"  and (3) within this same period, this party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party," Fed. R. Civ. P. 15(c).  Rule 15(c) also states that "[t]he delivery or mailing of process to the United States Attorney ... or the Attorney General of the United States ... satisfies the requirement of subparagraphs (A) and (B) ... with respect to the United States or any agency or officer thereof to be brought into the action as a defendant."  Fed. R. Civ. P. 15(c)(3).

> In other words,
>
>> For an amendment substituting a new party to relate back to the date of the original complaint, all the conditions set forth in Rule 15(c)(3) FN6 must be met. Id. The rule establishes four criteria: (1) the claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining a defense; (3) the party to be brought in must or should have known that but for a mistake of identity the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the period for service of process prescribed by Rule 4(m). Bloesser v. Office Depot, Inc., 158 F.R.D. 168, 170 (D.Kan. 1994).

Henry v. FDIC, 168 F.R.D. 55, 59 (D.Kan. 1996).

The Court of Appeals has held that these requirements necessitate a finding that Rule 15(c) only allows the addition of a party in an amended pleading in order to correct a misnomer in the prior pleading. Rendall-Speranza v. Nassim, 107 F.3d 913, 919 (D.C. Cir. 1997). As the Court of Appeals held, "a potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose – unless it is or should be apparent to that person that he is a beneficiary of a mere slip of the pen . . . ." Id.

Here, Plaintiffs' proposed second amended complaint satisfies the requirements of Rule 15(c)(2) in that the claims alleged against the newly named defendants arose from the same "conduct, transaction, or occurrence" set forth in the original complaint. Both complaints allege class members were strip searched by USMS personnel on September 28, 2002, without any

reasonable suspicion on which to base a search.  However, Plaintiffs' reliance on Rule 15(c)(3) in this case is misplaced because the substituted defendants' knowledge of this action against them in their personal capacities could not be inferred from service of the original complaint on the Attorney General since the defendants were not identified.  Relation back under Rule 15(c)(3) is only permitted when the plaintiff has made a "mistake concerning the identity of the proper party", not when a plaintiff has made no attempt to identify the intended defendants during the permissible statute of limitations period.  See Garrett v. Fleming, 362 F.3d 692 (10th Cir. 2004).

> The overwhelming majority of federal appellate courts that have considered the issue have found that amendments naming "John Doe" defendants whose identity is unknown at the time of the filing of the complaint do not relate back under Rule 15(c)(3).  Although the First Circuit has not addressed this specific issue, at least one district court in the District of Massachusetts has held that Rule 15(c)(3) does not apply where a plaintiff seeks to identify "John Doe" defendants after the statute of limitations has expired. Broner v. Flynn, 311 F.Supp.2d 227, 237 (D.Mass. 2004). Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 469 (2d Cir.1995), amended by 74 F.3d 1366 (2d Cir. 1996); Jacobsen v. Osborne, 133 F.3d 315, 320-21 (5th Cir. 1998); Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996); Worthington v. Wilson, 8 F.3d 1253, 1256-57 (7th Cir. 1993); Garrett v. Fleming, 362 F.3d 692, 696- 97 (10th Cir. 2004); Wayne v. Jarvis, 197 F.3d 1098, 1102-04 (11th Cir. 1999). But see Singletary v. Penn. Dep't of Corrections, 266 F.3d 186, 200 (3rd Cir. 2001) (noting, in dicta, that "the bulk of authority from other Courts of Appeals takes the position that the amendment of a 'John Doe' complaint ... does not meet the 'but for a mistake' requirement in 15(c)(3)(B)," and then expressing its disagreement with this authority).  These courts have found that a

> plaintiff's lack of knowledge as to the identity of a
> defendant does not constitute a "mistake" under Rule
> 15(c)(3). This Court agrees. The Eleventh Circuit
> explained that "[t]he drafters of Rule 15(c)(3)
> included the mistake proviso ... in order to 'resolve
> the problem of a misnamed defendant' and allow a party
> 'to correct a formal defect such as a misnomer or
> misidentification.' " Wayne, 197 F.3d at 1103 (quoting
> Fed. R. Civ. P. 15(c)(3), Advisory Committee Notes to
> 1991 Amendment). Therefore, Rule 15(c)(3) should apply
> only to an amendment that rectifies a plaintiff's
> error, like a misnomer or misidentification. As the
> naming of "John Doe" defendants is not an error, but
> rather results from a plaintiff's lack of knowledge as
> to the identity of the proper party at the time of
> filing, amendments identifying such defendants cannot
> relate back under Rule 15(c)(3). Plaintiff's amendment
> seeks to identify Silva as the "John Doe" defendant.
> It therefore is not subject to Rule 15(c)(3) and cannot
> relate back to the original date of filing. Since the
> statute of limitations expired before Plaintiff filed
> his Motion to Amend, Plaintiff's proposed amendment is
> futile and his motion must be denied.

Ferreira v. City of Pawtucket, 365 F.Supp.2d 215, 217 (D.R.I. 2004) (footnote converted to text).

The "government notice" provision of Rule 15(c)(3) does not operate where government employees are being sued in their personal capacity. See Delgado-Brunet v. Clark, 93 F.3d at 344; Komongnan v. U.S. Marshals Service, 471 F.Supp.2d 1, 4 fn.2 (D.D.C. 2006) ("cases suggest that the 'government notice' provision of Rule 15(c)(3) does not operate where government employees are being sued in their personal capacity.") . But see Fludd v. U.S. Secret Serv., 102 F.R.D. 803, 805 n.4 (D.D.C.

1984).[5]  Here it cannot be presumed that the substituted defendants were on notice because a former U.S. Marshal was named as a defendant in a lawsuit.  Former Marshal Dillard retired from the Marshals Service in January 2004, and was named as a defendant in Plaintiffs' original complaint in his personal capacity.  Clearly, Plaintiffs' naming of former Marshal Dillard was a matter of choice and not mistake.  In any event, even where newly named defendants have constructive notice within the 120 day period, relation back is not appropriate.  Cox v. Treadway, 75 F.3d 230 (6th Cir. 1996); Lovelace v. O'Hara, 985 F.2d 847, 850 (6th Cir. 1993) (where original complaint against individual in official capacity, amendment naming defendant in individual capacity not mistake under Rule 15(c) but "intentional choice").  The weight of federal case law also holds that a "plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party'" as required by Rule 15(c)(3)(B).  Grigsby v. Johnson, Civil Action No. 95-213 TFH, 1996 WL 444052, *6 (D.D.C. May 14, 1996) ("While

---

[5] The conclusion in Fludd not only goes against the weight of authority, see 3 Moore's Federal Practice, § 15.19[3][d] (Matthew Bender 3d ed.) ("Most Courts have held that a lack of knowledge regarding the identity of the proper party does not constitute mistake"), but it has been explicitly rejected where the plaintiff offered no excuse for the delay in bringing suit. Bloesser v. Office Depot, Inc., 158 F.R.D. 168, 170-71 (D.Kan. 1994).  Plaintiffs here have offered no reason for failing to institute this action years earlier, which would have enabled them to ascertain the identities of the "unknown" defendants well before the limitations period ran.

it does not appear that our circuit has spoken on the issue[,] this Court will join the other circuits in concluding that amendment of a party under Rule 15 requires a mistake"); Garrett v. Fleming, 362 F.3d at 696; Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 468 (2d Cir. 1995), modified, 74 F.3d 1366 (2d Cir. 1996); see also Wayne v. Jarvis, 197 F.3d 1098, 1103-04 (11th Cir. 1999); Baskin v. City of Des Plaines, 138 F.3d 701, 704 (7th Cir. 1998); Jacobsen v. Osborne, 133 F.3d 315, 321 (5th Cir. 1998); Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996); Western Contracting Corp. v. Bechtel Corp., 885 F.2d 1196, 1201 (4th Cir. 1989); Komongnan v. U.S. Marshals Service, 471 F.Supp.2d at 4 fn.2; but see Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 174-75 (3d Cir. 1977).

The Court in Barnes v. Prince George's County, 214 F.R.D. 379, 382 (D.Md. 2003), identified the state of the law succinctly:

> The Notes of the Advisory Committee on Rules accompanying the 1991 Amendment to Rule 15(c) shed some light on the intent of the rule:
>
>> An intended defendant who is notified of an action within the period allowed by Rule 4(m) for service of a summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name, provided that the requirements of clauses (A) and (B) have been met. If the notice requirement is met within the Rule 4(m) period, a complaint may be amended at any time to correct a formal defect such as a misnomer or identification.

> Notes of the Advisory Committee on Rules, 1991 Amendment to Rule 15(c) (emphasis added).
>
> * * *
>
> Given the near unanimity among the circuits and the explication by the Advisory Committee, the court cannot say that the naming of John Doe as a defendant constitutes the requisite mistake for the purposes of relation back.

Barnes v. Prince George's County, 214 F.R.D. at 382. Thus, in the absence of a mistake in the identification of the proper party, during the statutory period, it is irrelevant for the purposes of Rule 15(c)(3) whether or not the purported substitute parties knew or should have known that the action would have been brought against them.

Although Plaintiffs have failed to establish any "mistake" warranting relation back, even if the naming of "John Doe" defendants were deemed such a mistake, Plaintiffs could not satisfy the provisions of Rule 15 with respect to claims against any of the proffered added defendants who was not a Deputy United States Marshal "personally ordering each plaintiff to remove his clothing and expose private parts of his body," see Complaint, ¶¶ 10, 32, as these are the only persons who could have been on notice within 120 days of institution of the case that the claims should have been directed at them. Id., ¶¶ 10, 32; accord First Amended Complaint, ¶¶ 10, 33. At a minimum, the proposed new defendants such as Chief Deputy U.S. Marshal Stirling Murray; Acting Assistant Chief Deputy U.S. Marshal Gregory Petchel;

Supervisory Detention Enforcement Officer ("SDEO") Robert Byars; SDEO Howard Williams; and Inspector ISD Barry Surles, could never have deduced that they were among those whose conduct was called into question in the original or First Amended Complaints. They are simply not among those who would have acted in roles as "deputy U.S. Marshal[s] . . . conducting on each named plaintiff and each member of the plaintiff class a search on September 28, 2002, consisting of the one or more defendants personally ordering each individual plaintiff to remove his clothing." Complaint, ¶ 32.

Finally, because the addition of numerous claims against the individual Deputy U.S. Marshals would alter the focus of the claims in this case that have been presented to date, the proposed addition of these defendants at this time would require the defendants to rewrite their opposition to class certification to address the fact that the case has fundamentally changed into individual claims that a particular Deputy U.S. Marshal searched a particular plaintiff causing a particular degree of damages. This emphasis differs from that pressed before by Mr. Dillard. Requiring this whole new round of briefing on an issue would cause delay and prejudice to Mr. Dillard.

## CONCLUSION

For the foregoing reasons, Defendants respectfully oppose any effort by the Plaintiffs to add parties as proposed in the second amended complaint.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Memorandum Of Points And Authorities In Opposition To Plaintiffs' Motion To Amend Complaint To Add Parties, and a proposed Order has been made through the Court's electronic transmission facilities on this 4th day of October, 2007.

```
                              _____
                              W. MARK NEBEKER
                              Assistant United States Attorney
                              555 4th Street, N.W.
                              Civil Division
                              Washington, DC  20530
                              (202) 514-7230
```