UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Paul Bame, et al.<br>Plaintiffs on behalf of themselves<br>and all others similarly situated<br><br>vs.<br><br>Todd Walther Dillard, et. al.<br>Defendants | )<br>)<br>)<br>)<br>)  Civil Action No. 1:05cv01833(RMC)<br>)  No hearings scheduled<br>)<br>)<br>) |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF
PLAINTIFFS' MOTION TO AMEND COMPLAINT
PURSUANT TO RULE 15.**

Plaintiffs Paul Bame, et al., by counsel, hereby respond to defendants' memorandum [#52] in opposition to plaintiffs' motion [#51] for leave to file a second amended complaint pursuant to F.R. Civ. P. 15. Defendants accede to all elements[1] of plaintiffs' motion except the request to make allegations in the proposed Second Amended Complaint of the actual names of the defendants referred to as John Does in the original complaints.

Of the numerous cases cited in Defendants memorandum only three cases actually address the crux of the matter: whether the "government notice" provision of Rule 15(c)(3)[2] authorizes the filing of the second amended complaint and the addition of the actual names of the several deputy U.S. marshals sued in this action in their individual capacities. Defendants' other

---

[1] Defendants accede to named plaintiffs adding additional named plaintiffs only provided the additional named plaintiffs do not bring new issues to the fact pattern of the suit with regard to not providing their names to deputy marshals while under their custody. They do not.

[2] Rule 15(c)(3) provides with regard to governmental notice:
"The delivery or mailing of process to the United States Attorney, or United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of subparagraphs (A) and (B) of this paragraph (3) with respect to the United States or any agency or officer thereof to be brought into the action as a defendant."
This provision furthers the concept, noted earlier in the wording of Rule 15, that leave to amend pleadings should be "freely given when justice so requires."

1

cases and contentions invite the Court to consider issues about the relation back of amendments which the Court need not do. These issues are resolved directly and simply in this case by the governmental notice provision. The vast majority of cases cited by defendants do not address matters involving the government notice provision. The three cases which are relevant are discussed in turn next.

First, *Fludd v. U.S. Secret Service*, 102 F.R.D. 803 (D.D.C. 1984), the only case squarely on point for this matter, permitted adding the actual names of defendant U.S. Secret Service agents to the amended complaint, in spite of the amendments being filed after the running of the applicable statute of limitations. Judge Harold Greene, one of the most experienced and knowledgeable judges of the U.S. District Court for the District of Columbia, held that an amendment to the complaint in a *Bivens* action against U.S. Secret Service agents sued in their individual capacity would be considered timely filed as a result of the government notice provision. Judge Greene held that the language of the government notice did not by its own terms limit amendments to persons sued in their official capacities, thus permitting amendments naming government officers sued in their personal capacities. This holding supplies the complete response to defendants' opposition.

The Original Complaint [#1] and the First Amended Complaint [# 8] allege that the men who conducted the illegal searches on September 28, 2002 were being sued in their individual capacities for their illegal actions. The return of service in this case shows that the U.S. Attorney General and U.S. Attorney General were served [#3] with process, including the initial complaint. The U.S. Attorney and U.S. Attorney General are handling representation of all the deputy marshals sued in this action. All the requirements of the government notice provision are plainly met. Defendants contend that Judge Greene's decision has been criticized, but cite no cases doing so directly.

A second case cited by defendants, *Komognon v. U.S. Marshal Service*, 471 F. Supp. 2d 1 (D. D. C. 2006) discussed in dictum, but forebore from deciding, the issues parallel to those

raised in this motion. The primary decision relied upon by Judge Huvelle in *Komognon* was *Delgado-Brunet v. Clark*, 93 F.3d 339 (7th Cir. 1996), discussed below, and cited for the proposition that the governmental notice provision applies only where the parties are sued in their official capacities.  Since *Bivens* claims are never official capacity claims, such a holding would severely limit the coverage of the government notice provision, in spite of the provision's lack of reference to such a limitation in its coverage.   The Court in the *Komognon* opinion states also, again in dictum, that Rule 15(c)(B)(3) requires that there have been a "mistake" shown by the plaintiff in naming the wrong party.  This dictum conflicts with the plain reading of government notice provision in Rule 15 itself which simply says that service on the U.S. Attorney General, or others, provides all the notice to the defendants that is needed and satisfies all the requirements of subsection 15(c)(B)(3), including the provision providing for mistakes.  The government notice provision says simply that notice to the Attorney General and others satisfies (A) and (B), thus including any issue of whether there was any form of "mistake" about the actual names of the individual defendants.

  Moreover, the *Komognon* opinion is in error where it states that *Delgado-Brunet, supra*, holds that the government notice provision is confined to addressing situations where government staff are sued in their official capacity.  There is no reference in *Delgado-Brunet* to an official capacity requirement for the governmental notice provision.  Instead, the opinion discusses whether the individual prison officials in that case received actual notice of the pendency of the claims filed against them, a requirement which is obviated by the language of the government notice provision. *Komognon*, 471 F. Supp. 2d at 4, ft. 2.  The government notice provision presumes that notice to the U.S. Attorney General and others provides whatever level of " actual notice" that required.

  Thus, the few cases actually on point cited by defendants either support the Court's grant of the relief sought in plaintiffs' motion, or deal with other issues.

  Defendants go on, at page 9, footnote 5, to argue that plaintiffs must come forward to this

Court with an excuse on their for "delaying" filing their suit. Plaintiffs respond that the presence of the governmental notice provision obviates any need for the plaintiffs' to come forward with an explanation as to why they filed the suit when they did.  Defendants' citation to *Bloesser v. Office Depot, Inc.*, 158 F.R.D. 168, 170-71 (D.Kan. 1994) is inapposite.   The specific language of the governmental notice provision, "who would have been a proper defendant if named", shows clearly that the drafters of the rule contemplated federal courts permitting the filing of amended complaints which for the first time provide the specific name of a federal defendants, regardless of timing under statute of limitation requirements.

Plaintiffs' note that defendants' account of the current state of the case law on "relation back" does not discuss the decisions allowing relation back of amendments even in non-federal cases, all as cited in plaintiffs' main brief. [#51] Pp. 4-5.  *See, for example, Ortiz v. Bettancourt-Lebron*, 146 F.R.D. 34 (D. P.R. 1992)(amended pleading providing names of police conducting illegal search related back because of identity of interest of all defendants); *Blaskiewicz v. Co. Of Suffolk*, 29 F. Supp. 2d 134 (E.D. N.Y. 1998)(amended complaint related back where defendants concealed names of involved parties); *Simpson v. City of Maple Heights*, 720 F.Supp. 1303 (N.D. Ohio1988)(filing of original complaint provided "unknown officer" constructive notice of claims against her).  Also, as noted in plaintiffs' main brief, the original *Bivens* case itself was filed against "six unknown agents" of the federal government, yet was permitted to proceed.  *Bivens v Six Unknown Agents*, 403 U.S. 388, 91 S. Ct. 1999 (1971).

Defendants contend at page 11 of their opposition memorandum that several deputy marshals, who carry titles implying that they have supervisory authority[3], simply could not have engaged in any individual acts of strip search conduct upon which the original complaint was grounded, and, hence, they could not have had notice of the pending action in the original

---

[3]     The officers referenced by defendants are: Chief Deputy U.S. Marshal Stirling Murray; Acting Assistant Chief Deputy U.S. Marshal Gregory Petchel; Supervisory Detention Enforcement Officer ("SDEO") Robert Byars; SDEO Howard Williams; and Inspector ISD Barry Surles. Def's Opp Mem. Pp. 11-12.

complaint. In response, plaintiffs reply that the allegations set forth in the original complaint are sufficiently specific and detailed so as to put every marshal on duty that day at that location and involved in that operation that he was subject to the claims filed. The Second Amended Complaint sets forth the names of all officers who were on duty at the strip search location on the day and times in question. These names are all set forth in documents, provided recently by defendants, which show clearly the names of all officers who were employed in maintaining the control and custody of the proposed class members on the day and times in question. The Second Amended Complaint sets forth allegations against these officers based upon defendants' documents. Thus, defendants have made no showing in their opposition memorandum that the requested amendments to the complaint naming individual defendants should not be permitted by the Court for filing.

Finally defendants contend that the actual naming of the individual deputies as defendants will delay the progress of the case, particularly with regard to former Marshal Dillard. Opp. Mem. P.12. Plaintiffs reply that each version of the complaint filed herein, beginning with the initial complaint, have set forth allegations and claims against fifteen deputy U.S. marshals sued in their individual capacity. Each version has set forth allegations that individual deputy marshals strip searched the individuals plaintiffs comprising the proposed class. Thus, there are no "new defendants" or allegations, and there is nothing new here requiring defendants' response.

## CONCLUSION

For the reasons set forth herein, plaintiffs respectfully request this Honorable Court to grant plaintiffs leave to file their proposed Second Amended Complaint submitted with this motion.

Respectfully submitted,

/s/ Lynn E. Cunningham
Lynn E. Cunningham, Esq.
D.C. Bar No. 221598
P.O. Box 1547

Dubois, Wyoming 82513
Phone: 307-455-3334/3374
Fax: 307-455-3334
Email: lcunningham@law.gwu.edu


/s/ Zachary Wolfe
Zachary Wolfe, Esq.
D.C. Bar No. 463548
People's Law Resource Center
1725 I Street, NW, Suite 300
Washington, DC 20006
Phone: 202 265 5965
email: zwolfe@peopleslawresourcecenter.org.

CERTIFICATE OF SERVICE

I hereby certify that I have caused a true copy of Plaintiffs' Motion to File Plaintiff's Second Amended Class Action Complaint for Compensatory and Punitive Damages to served by electronic case filing this 9 th day of October, 2007 upon the following:

Mark Nebeker, attorney for all defendants


/s/ Lynn E. Cunningham
Lynn E. Cunningham, Esq.,
Attorney for Plaintiffs