UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL BAME, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-1833 (RMC) |
| ) | |
| TODD WALTHER DILLARD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Paul Bame, Gregory Keltner, and Ivan Welander sue Todd Walther Dillard, former United States Marshal for the Superior Court of the District of Columbia, in his individual capacity, for strip searches they allegedly underwent on September 27, 2002, after their arrests during protests against the policies of the International Monetary Fund ("IMF"). *See* Am. Compl. ¶¶ 1, 4-6, 12, 15 [Dkt. # 8]. The Amended Complaint also identifies unknown Deputy U.S. Marshals as John Doe defendants. Plaintiffs now want to amend the Complaint a second time to add two additional plaintiffs, delete two claims and two defendants who were dismissed by the Court, and name specific Marshals in lieu of the John Does, sued in their individual capacities. *See* Pls.' Mem. in Supp. of Mot. to Am. Compl. ("Pls.' Mem.") [Dkt. # 51]. The Defendants have no objection to the addition of two named plaintiffs or the deletion of persons and claims already dismissed but do object to the addition of named Marshals as defendants because such claims are allegedly time barred. *See* Defs.' Mem. in Opp'n to Pls.' Mot. to Am. Compl. ("Defs.' Mem.") [Dkt. # 52]. Plaintiffs' motion will be granted in part and denied in part.

In the original Complaint, Plaintiffs filed their claim against the "'fifteen U.S. Marshals Service staff members' who had participated in the conduct of the strip searches

complained of herein." Pls.' Mem. at 2. Plaintiffs state that the actual names of these staff members were not provided to the Plaintiffs until Defendant Marshal Dillard made his initial disclosures on August 17, 2007. *Id.* Plaintiffs now seek leave of the Court to substitute the actual names of the staff members for the references in the original Complaint to "John Does" and that the proposed amendment "relate[] back" to the filing of the Complaint.

The motion rests on Rule 15(c) of the Federal Rules of Civil Procedure. That Rule provides:

> (1) An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the time period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.
>
> (2) *When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency.*

Fed. R. Civ. P. 15(c) (emphasis added). The question presented is whether Rule 15 allows the Plaintiffs here, after the statute of limitations has run and after the time period of Rule 4(m) has expired, to amend the Complaint to name Federal employees as defendants in their individual

capacities under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Court finds that it does not and will deny the motion to amend the complaint insofar as it seeks to name individual Marshals.

Rule 15 essentially is a rule of repose. Unless a putative non-Federal defendant has received notice of the action within 120 days of its filing and knew or should have known that, but for a mistake, that putative defendant would have been named in the first instance, no amendment is allowed. *See Rendall-Speranza v. Nassim*, 107 F.3d 913, 919 (D.C. Cir. 1997). Plaintiffs argue that these limitations do not apply because they served both the U.S. Attorney and the Attorney General, which is sufficient to satisfy Rule 15 and allow their proposed amended complaint to relate back to its initial filing.

It does not appear to be settled in this Circuit whether a plaintiff's lack of knowledge of the intended defendant's identity is a "mistake" concerning the identity of the proper party as required by Rule 15. However, the "overwhelming majority of federal appellate courts that have considered the issue have found that amendments naming 'John Doe' defendants whose identity is unknown at the time of the filing of the complaint do not relate back" under Rule 15. *Ferreira v. City of Pawtucket*, 365 F. Supp. 2d 215, 217 (D.R.I. 2004) (citing cases); *see also Grigsby v. Johnson*, 1996 U.S. Dist. LEXIS 7034, at * 5-6 (D.D.C. 1996) ("While it does not appear that our circuit has spoken on the issue[,] this Court will join the other circuits in concluding that amendment of a party under Rule 15 requires a mistake."); *but see Varlack v. SWC Carribbean, Inc.*, 550 F.2d 171, 174-75 (3d Cir. 1977); *Fludd v. U.S. Secret Serv.*, 102 F.R.D. 803, 805 n.4 (D.D.C. 1984) .

Assuming that Rule 15 can be used to substitute actual names for "John Doe" defendants, it is unclear whether the "government notice" provision operates where government

employees are being sued in their individual capacities, and not in their official capacities. *See Komongnan v. U.S. Marshals Serv.*, 471 F. Supp. 2d 1, 4 n.2 (D.D.C. 2006) ("cases suggest that the government notice provision . . . does not operate where government employees are being sued in their personal capacity"); *but see Fludd*, 102 F.R.D. at 805 n.4. It is the ruling in *Fludd* on which the Plaintiffs rely here.

The court in *Fludd* permitted the addition of actual named United States Secret Service agents to the amended complaint, in spite of the fact that the amendment was filed after the running of the applicable statute of limitations. *Id*. at 804. In support of applying Rule 15 to officers in their personal capacity, the court reasoned:

> The agents claim that the second paragraph of Rule 15(c) is only applicable when officers of the government are sued in their official capacities. Quite apart from the fact that the plain language of the Rule suggests no distinction, the drafters' judgment concerning notice in suits brought against government officers is not affected by the fact that the officers are sued in their individual rather than their official capacities. The agents are here being sued for the manner in which they performed their duty and for actions taken under color of their authority as employees of the Secret Service. Under these circumstances, there is no basis for excluding them from the reach of the broad language of the Rule.

*Id*. at 805 n.4. Although this Court may look at *Fludd* as persuasive authority, it is not bound by the holding. The Court will follow instead the holding in *Delgado-Brunet v. Clark*, 93 F.3d 339 (7th Cir. 1996) in concluding that the governmental notice provision of Rule 15(c) applies only where parties are being sued in their official capacities. As our Circuit has stated, without some limit on Rule 15 generally, the "relation back" doctrine could benefit "tardy plaintiffs" and "cause defendants' liability to increase geometrically and their defensive strategy to become far more complex long after the statute of limitations had run. Even if . . . there were no showing of specific prejudice in the sense

of lost or destroyed evidence, defendants would still be deprived of their interest in repose. At some point, defendants should have notice of who their adversaries are." *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301, 1309 (D.C. Cir. 1982). These concerns are particularly serious where prospective defendants are being sued in their individual capacities. *See Delgado-Brunet*, 93 F.3d at 344 ("Mistakes in naming parties are far less likely to have drastic consequences in official rather than individual capacity actions."). The events complained of occurred in September 2002; the original Complaint was filed on September 15, 2005. Plaintiffs here have offered no reason for failing to institute this action years earlier, which would have enabled them to ascertain the identities of the "unknown" defendants well before the limitations period ran. The Court will not employ Rule 15 to "save the claims of complainants who have sat on their rights." *See Nelson v. County of Allegheny*, 60 F.3d 1010, 1015 (3d Cir. 1995). It is therefore

   **ORDERED** that the motion is **GRANTED** in part, without objection, to add Plaintiffs John Joel Duncan and Nicholas Church and to delete defendants and claims already dismissed;[1] and it is

   **FURTHER ORDERED** that the motion is **DENIED** in part as to naming individual Deputy Marshals as defendants sued in their individual capacities.

   **SO ORDERED**.

Date: March 28, 2008

                /s/
                ROSEMARY M. COLLYER
                United States District Judge

---

[1] John F. Clark and Steve Conboy were each sued only in their official capacities and were dismissed pursuant to the Court's December 11, 2006 Order [Dkt. # 45].