```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

PAUL BAME, et al.,                  )
                                    )
        Plaintiffs,                 )
                                    )
    v.                              ) Civil Action No. 05-1833 EGS
                                    )
TODD W. DILLARD,                    )
                                    )
        Defendant.                  )
                                    )
```

### ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

Defendant Todd Dillard hereby answers the second amended complaint in the above action as follows:

### FIRST DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

With respect to the allegations against Todd Dillard in his individual capacity, this action is barred by qualified immunity.

### THIRD DEFENSE

Plaintiffs have asserted claims that are barred by the statute of limitations and/or the doctrine of latches.

### FOURTH DEFENSE

Defendant Dillard responds to the enumerated allegations under each paragraph of the Amended Complaint by the corresponding enumerated paragraphs below. The headings have been reproduced for ease of reference only and Defendant does not admit that they are accurate.

1.  This paragraph represents Plaintiffs' characterization of the case to which no response is required. To the extent that a response is deemed required, defendant denies the allegations of this paragraph.

## JURISDICTION AND VENUE

2.  The allegations contained in this paragraph consist of averments of jurisdiction, legal conclusions to which no response is required. To the extent to which a response is deemed required, Defendant denies the allegations of this paragraph.

3.  The allegations contained in this paragraph consist of averments of venue, legal conclusions to which no response is required. To the extent to which a response is deemed required, Defendant denies the legal conclusion in this paragraph, and denies any implication that any valid claim exists, but admits that the allegations appear to involve matters alleged to have taken place in this district.

## PARTIES PLAINTIFF

4.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the allegations.

    a.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the allegations.

    b. Defendant denies the allegations of this paragraph.

    c. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefor denies the allegations.

    d. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefor denies the allegations.

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny the allegations.

    a. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny the allegations.

    b. Defendant denies the allegations of this paragraph.

    c. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefor denies the allegations.

6. Defendant lacks sufficient knowledge or information to

form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the allegations.

    a.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the allegations.

    b.  Defendant denies the allegations of this paragraph.

    c.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the allegations.

    d.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefor denies the allegations.

7.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the allegations.

    a.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the allegations.

    b.  Defendant denies the allegations of this

paragraph.

 c. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the allegations.

 d. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the allegations.

 e. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the allegations.

 f. Defendant denies the allegations of this paragraph.

 g. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the allegations.

 h. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and therefor denies the allegations.

PARTY DEFENDANT

8. Defendant admits the allegations of this paragraph, insofar as "all times relevant to this action" is deemed to be September 27, 2002.

CLASS ACTION ALLEGATIONS

9-13. The allegations contained in these paragraphs consist of a conclusion of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

14. This paragraph and its sub-paragraphs consist of legal conclusions as to qualifications of Plaintiffs' attorneys to which no response is required. To the extent that a response is deemed required, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations of these paragraphs. Accordingly, these allegations are denied.

GENERAL FACTUAL ALLEGATIONS

15. Defendant admits only that on September 27, 2002, hundreds of persons staged protests in various locations in downtown Washington, DC, including outside the International Monetary Fund headquarters, and various government agency and corporate headquarters buildings.

16. Defendant admits that hundreds of protestors were arrested by DC police officers and police officials from other

agencies.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the allegations.

    17-20.  Defendant denies the allegations of these paragraphs.

    21a-b.  Defendant denies the allegations of these portions of the paragraph.

    21c.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this portion of the paragraph and therefore, Defendant denies the allegations.

    21d-e.  Defendant denies the allegations of these portions of the paragraph.

    22-24.  Defendant denies the allegations of these paragraphs.

    25.  Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies the allegations.

    26.  Defendant denies the allegations of the first sentence of this paragraph.  The last sentence of this paragraph contains a characterization of the state of knowledge of the plaintiffs, which requires no response.  To the extent that a response is deemed required, Defendant denies the allegations, except to admit the existence of another civil action involving allegations of strip searches while those plaintiffs were allegedly being

held in the Superior Court cell block, <u>Dianna Johnson</u>, <u>et al.</u> v. <u>District of Columbia</u>, <u>et al.</u>, Civil Action No. 02-2364 RMC.

27. This paragraph contains a characterization of the state of knowledge of the plaintiffs, which requires no response. To the extent that a response is deemed required, Defendant denies the allegations, except to admit the existence of other civil actions involving allegations of arrests and treatment of other individuals on September 27-28, 2002, following their alleged arrests at or near Pershing Park, <u>Raymond Chang</u>, <u>et al.</u> v. <u>United States</u>, <u>et al.</u>, Civil Action No. 02-2010 EGS; <u>Jeffrey Barham</u>, <u>et al.</u> v. <u>Charles Ramsey</u>, <u>et al.</u>, Civil Action No. 02-2283 EGS.

CLAIM ONE - *BIVENS* PERSONAL LIABILITY OF
FORMER UNITED STATES MARSHAL TODD WALTHER DILLARD
<u>FOR VIOLATION OF FOURTH AMENDMENT RIGHTS</u>

28. Defendant incorporates herein the responses to the allegations in paragraphs 1 to 27 above.

29-32. These paragraphs consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

33-36. These paragraphs and sub-paragraphs consist of conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

## CLAIM TWO - DILLARD'S PERSONAL LIABILITY UNDER 42 U.S.C. § 1983 FOR VIOLATION OF THE PLAINTIFFS' FOURTH AMENDMENT RIGHTS

37. Defendant incorporates herein the responses to the allegations in paragraphs 1 to 38 herein.

38. This paragraph consists of a conclusion of law to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

39. Defendant denies that the cited statutes and agreements constitute the source or sole source of the authority under which the Defendant was acting at the relevant time.

40-42. Defendant denies the allegations of these paragraphs.

43. Defendant admits that, at all relevant times he was acting within the scope of his employment for the United States Marshals Service and he was acting in furtherance of the business of the United States Marshals Service.

44-45. Defendant denies the allegations of these paragraphs.

46. This paragraph consists of conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

PRAYER FOR RELIEF/JURY DEMAND

The remaining allegations in the Second Amended Complaint consist of plaintiffs' prayer for relief and demand for a jury trial to which no response is necessary, but to the extent one may be deemed required, the allegations are denied; and defendant denies that plaintiffs are entitled to the relief requested or to any relief whatsoever.

Defendant denies each and every allegation of the Second Amended Class Action Complaint For Compensatory And Punitive Damages that is not specifically admitted herein.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____/s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney


OF COUNSEL:

WILLIAM E. BORDLEY, ESQ.
Associate General Counsel
United States Marshals Service

<u>CERTIFICATE OF SERVICE</u>

    I HEREBY CERTIFY that service of the foregoing Answer To Plaintiffs' Second Amended Class Action Complaint For Compensatory And Punitive Damages has been made through the Court's electronic transmission facilities on this 11th day of April, 2008.

                                                /s/
W. MARK NEBEKER
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530
(202) 514-7230