UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAUL BAME, <u>et</u> <u>al.</u>,                    )
                                        )
         Plaintiffs,                    )
                                        )
    v.                                  ) Civil Action No. 05-1833 RMC
                                        )
JOHN F. CLARK, <u>et</u> <u>al.</u>,               )
  Acting Director,                      )
  U.S. Marshals Service,                )
                                        )
         Defendants.                    )
_____)

DEFENDANT'S MOTION TO AMEND ANSWER,
<u>AND MEMORANDUM IN SUPPORT THEREOF</u>

Pursuant to Rules 15 and 7 of the Federal Rules of Civil

Procedure, Defendant Dillard hereby moves to amend the Answer

filed in this action on April 11, 2008, to add as an affirmative

defense the following language:

<u>FIFTH DEFENSE</u>
        Some or all of Plaintiff's claims are barred by
    the doctrines of Accord and Satisfaction and/or
    Compromise and Settlement in that Plaintiffs' claims
    were resolved in a class action, <u>Joel Diamond v.
    District of Columbia</u>, Civil Action No. 03-2005 EGS
    (D.D.C.).

Counsel for the Plaintiffs, Lynn Cunningham Esq., has indicated

that Plaintiffs oppose the motion to amend.

Defendant seeks to amend the Answer in order to ensure that

a defense is not waived.  Defendant does not concede that the

above defenses must be asserted in a pleading as an affirmative

defense, but, out of an abundance of caution, Defendant seeks to

make clear his reliance on the <u>Diamond</u> settlement, which certain

of the plaintiffs indicated in their depositions[1] has led to a
recovery in their favors.  It was not until last week that
undersigned counsel learned from the District of Columbia that
the <u>Diamond</u> settlement was an opt-out settlement of the <u>Diamond</u>
class-action and that there had been no potential classmembers
who had opted out.

One theory of liability in the instant action is that Mr.
Dillard was an "agent" of the District of Columbia, so as to
support liability under 42 U.S.C. § 1983. <u>See</u> Second Amended
Complaint (Docket No. 57), ¶¶ 12(f), 38, 41-46.  The judgment
that was entered in the <u>Diamond</u> class action specifically
provides as follows:

> Class Representative <u>plaintiffs agree</u> on behalf of
> their attorneys, as well as on behalf of themselves and
> all Accepting Class Representatives and Accepting Class
> Members that <u>under no circumstances may they or any</u>
> <u>other Accepting Class Members or their attorneys obtain</u>
> <u>any monetary relief and/or other recovery for claims</u>
> <u>that were or could have been raised in this civil</u>
> <u>action under any theory of liability in addition to</u>
> <u>this Settlement Amount</u> from the District, or any
> official, officer, <u>agent</u>, or employee <u>or any person who</u>
> <u>is now or has been an</u> official, officer, <u>agent</u>, or
> employee <u>of the District</u>.  For consideration of this
> Settlement Amount, lawful money of the United States,
> <u>each and every Accepting Class Representative and</u>
> <u>Accepting Class Member, does</u>, for him/herself, his/her
> heirs, executors, administrators and assigns, <u>release</u>
> <u>and forever discharge the District of Columbia</u>, a
> municipal corporation, its officers, <u>agents</u>, servants
> <u>and employees</u>, of and from any and all actions, damages

---

[1]  Plaintiffs' depositions were completed in May and most of
the transcripts have now been received.  They were received on
and after June 11, 2008.

and demands whatsoever (including any claims for attorney's fees), <u>which that plaintiff now has or could have had against the said District of Columbia, its</u> officers, <u>agents</u>, servants and employees, or that plaintiff or any person or persons claiming by, through or under that plaintiff now or hereafter can or may have against the aforenamed parties by reason of or in any way arising out of the events or alleged injuries underlying and/or in this civil action.  <u>Further, every Accepting Class Representative and every Accepting Class Member agrees to hold the District of Columbia and any and all persons who are now or ever have been agents, employees, officers, or officials of the District of Columbia at any time, harmless from any claims that have been, or could be brought against them by any other persons or entities in this matter.</u>  An "Accepting Class Representative" is any Class Representative who agrees to accept compensation and/or other relief pursuant to the terms of this Offer. An "Accepting Class Member" is any person who is a member of the Class, including any Class Representatives, who does not opt out of the Class, and who satisfies such requirements as the Court may approve to demonstrate class membership.

<u>Diamond</u>, Civil Action No. 03-2005 EGS, Docket No. 55, ¶ 4

(emphasis added).

Rule 15(a) of the Federal Rules of Civil Procedure provides in relevant part that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

As the Supreme Court has explained, [i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given." <u>Foman</u> v. <u>Davis</u>, 371 U.S. 178, 182 (1962).

Foremost-McKesson, Inc. v. Islamic Republic of Iran, 905 F.2d
438, 445 n.12 (D.C. Cir. 1990); accord National Shopmen Pension
Fund v. Burtman Iron Works, Inc., 148 F. Supp.2d 60, 66 (D.D.C.
2001).

The granting of this motion will not prejudice any party,
because no new facts that could reasonably be implicated by the
added language would be added to the litigation.  Indeed, the
only facts that could be said to be added to the case are that
Plaintiffs were also class members in the Diamond/Burgin class
action and they settled the action.  These facts have been
admitted by the Plaintiffs in deposition.  Thus, it cannot be
said that including them in the answer will in any way delay the
resolution of the issues in the case.

Accordingly, amendment of the answer is appropriate here.
For these reasons, Defendant seeks leave of the Court to file the
accompanying Amended Answer To Plaintiffs' Second Amended Class

Action Complaint For Compensatory And Punitive Damages.   A

proposed order is also included.

                      Respectfully submitted,


_____

JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


                                       /s/
_____

W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's Motion To Amend Answer, And Memorandum In Support Thereof with proposed Amended Answer To Plaintiffs' Second Amended Class Action Complaint For Compensatory And Punitive Damages and proposed order, has been made through the Court's electronic transmission system on this 19th day of June, 2008.

 

 

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230