UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| Paul Bame, et al. Plaintiffs, on behalf of themselves and all other similarly situated | ) ) ) ) ) ) ) | |
|---|---|---|
| vs. | ) ) | Civil Action No. 1:05CV01833 (RMC) No scheduled hearings. |
| John F. Clark, et al. Defendants | ) ) | |

**PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO AMEND ANSWER.**

Plaintiffs Paul Bame, *et al.*, by undersigned counsel, hereby oppose defendant Todd Dillard's motion to amend his answer to interpose additional defenses of "accord and satisfaction" and "compromise and settlement". [#65]

Federal Rule of Civil Procedure 15 provides that the Court may enter an order permitting the amendment of a pleading, when justice so requires. As Defendant notes in his motion, the Supreme Court in *Foman v Davis*, 371 U.S. 178, 182 (1962). , held that such an order should not be entered, when to do so would be a "futility."

The proposed amendment would be futile since the proposed additional defense has no basis in fact.

The parties are in agreement that certain members of the class certified herein, including

-1-

named plaintiffs, joined a class settlement *Diamond v D.C.*, Civil Action No. 03-2005 EGS, Defendant Dillard accurately quotes from that settlement that certain claims against unnamed "agents" of the District of Columbia, such as Dillard, are settled. Moreover, plaintiffs claim herein that Dillard was acting as an agent of the District of Columbia at all times relevant to this action.

Defendant Dillard proposed amendment to his answer to raises only the defenses of "accord and satisfaction" and "compromise and settlement".[#65]  Nevertheless, Dillard's proposed amendment to his answer would be futile, since his alleged defense is barred both by the plain language of the *Diamond* settlement agreement, as well as by the fact that the District defendants in *Diamond* did not provide the "accord and satisfaction" or "compromise and settlement" for the claims raised in this *Bame* case.

The *Bame* complaint and the *Diamond* complaint are not congruent. The facts and claims pled in the *Diamond* complaint nowhere address actions by the U.S. Marshal for Superior Court's in strip searching of the protestor arrestees on September 28, 2002, i.e., the *Bame* plaintiffs. In the *Diamond* complaint, attached, plaintiffs therein made no allegations that any member of the *Diamond* class was strip searched by Dillard or by anyone else. No mention at all is made of actions by defendant Dillard or the U.S. Marshal's Service deputies. The "constitutional claims" made by the Diamond plaintiffs at paragraph 22 of the complaint are extensive, but refer only to "seizure" barred by the Fourth Amendment not to any "searches" as barred by the Fourth Amendment.

Hypothetically, the *Diamond* plaintiffs, in their lawsuit, might have chosen to add additional claims against a range of additional defendants, such as against the U.S. Marshal for

strip searches, but for whatever reason chose not to do so, and instead simply left unaddressed any claims arising from events occurring while the arrestees were in the custody of the U.S. Marshal Service. Good litigation practice litigation teaches experienced attorneys to keep their lawsuits as simple as possible. Perhaps counsel in *Diamond* chose to focus that litigation on the effects of the arrests and detention by the D.C. Metropolitan Police Department, while omitting claims and factual allegations against the much, much wider circle of potential parties involved in all the events at the September 27, 2002 IMF protest, including the U.S. Marshal for Superior Court.

The *Diamond* consent judgment, attached to Dillard's motion fits the ambit of the complaint in that case, and not surprisingly, makes no provision for claims outside that ambit, such as claims against the U.S. Marshal for Superior Court and his actions in strip searching certain of the arrestees.

Is there anything in the *Diamond* settlement providing the *Bame* plaintiffs with "accord and satisfaction" or "compromise and settlement" of their *Bame* claims?

First, the Court may note that the *Diamond* settlement agreement provides in paragraph two that the agreement will have no collateral estoppel or *res judicata* effect:

> 2. The District of Columbia denies culpability and/or liability for or upon any claim asserted by any and all plaintiffs. This Offer, and any resultant Settlement, and/or any Order, Judgment, and/or action taken pursuant to this Offer shall have no collateral estoppel or *res judicata* effect, whatsoever, or otherwise preclude any current or future defendant in any matter from asserting any defense.

The paragraph by its own terms does not limit its applicability solely to the defense side of that litigation, the District of Columbia and its agents, including, perhaps, Mr. Dillard as an agent of

D.C. Accordingly, the Diamond *settlement* has no res judicata effect with regard to claims made by plaintiffs therein. The plain terms cover not only "this offer" but also "any...action taken pursuant to this offer". The clearest reading of this clause is that the acceptance of the offer would not have any collateral estoppel or res judicata effect on claims or factual issues raised later by the *Diamond* plaintiffs in later litigation, such as the *Bame* lawsuit. The acceptance by the *Diamond* plaintiffs, including those who are among the *Bame* plaintiffs, would not have any collateral estoppel or *res judicata* effect on claims by *Diamond* plaintiffs in later litigation against agents of the District of Columbia. Thus, Mr. Dillard, as an agent of the District of Columbia, cannot allege that the *Bame* plaintiffs are collaterally estopped by the *Diamond* settlement from litigating their claims against him. If the *Diamond* settlement had granted plaintiffs accord and satisfaction on all possible claims, pled and unpled, the settlement judgment might have crafted the paragraph two differently to provide this.

Second, if the District of Columbia wished to compromise or settle the claims alleged by plaintiffs in the *Bame* action, they should have so stated in the *Diamond* settlement offer. They did not do so. The *Bame* litigation had been pending for seventeen months prior to the February, 2007 date of the *Diamond* settlement offer by the District of Columbia. If the District of Columbia had intended to encompass the *Bame* claims in its settlement offer, it should have done so, but did not.

Third, the *Diamond* settlement in paragraph 3, by its own terms, settles only claims raised, or that could have been raised, in the *Diamond* complaint:

> 3. The District of Columbia will pay to the Class a single "Settlement Amount" of $1,000,000.00 in full satisfaction of all claims and potential claims for damages and other monetary relief and any other type of relief under any theory of liability

>against the District and any official, officer, agent, or employee or any person who is now or has been an official, officer, agent, or employee of the District that were or could have been raised in or were or could have been *encompassed by the existing Complaint or any subsequently-filed Complaint in this civil action*....[emphasis added].

Thus, the *Diamond* settlement judgment by its own terms limits the compromise to claims raised in the complaint filed in that action, and, as noted, not to claims in the then pending in the *Bame* action. Nowhere does that settlement provide that all members of the *Diamond* class release all claims of every possible kind against the District of Columbia and all its agents. The *Diamond* settlement judgment provides limited accord and satisfaction, not a generalized one.

Moreover, the basic elements of accord and satisfaction are not present here.[1] The District of Columbia did not make any offer to satisfy the then pending claims of the *Bame* plaintifs in its offer of settlement. The amount of the offer encompassed the claims in the Diamond litigation, and none of the claims in Bame. Dillard did not sign on as a party to the settlement. There was no meeting of the minds of the *Bame* plaintiffs and the District of Columbia to settle the *Bame* claims against Dillard.

---

[1] "An accord is contractual in nature. In fact, an accord and satisfaction is a new contract—a contract complete in itself, and as long as the basic requirements to form a contract are present, there is no reason to treat such agreement differently from other contracts which are binding. Generally, a valid accord and satisfaction requires four elements:

(1) proper subject matter;
(2) competent parties;
(3) a meeting of the minds of the parties; and
(4) consideration.

It has also been held that for there to be an accord and satisfaction, the contract elements of offer, acceptance, and consideration must all be present. Stated more simply, the essential elements of "accord and satisfaction" are an agreement to settle a dispute and consideration which supports the agreement." 1 Am Jur 2d Accord and Satisfaction §4.

Finally, the basic elements of compromise and settlement are absent as well. As noted, the then pending claims against Dillard are nowhere even referenced in the *Diamond* offer of judgment.

As stated, the *Diamond* offer of judgment does not provide for a general release of all possible claims of any kind whatsoever against the District of Columbia and all its agents, including Dillard.

## CONCLUSION

For these reasons, defendant Dillard's motion to amend his answer should be denied.

Respectfully submitted,

/s/ Lynn E. Cunningham
Lynn E. Cunningham, Esq.
D.C. Bar No. 221598
P.O. Box 1547
Dubois, Wyoming 82513
Phone: 307-455-3334/3374
Fax: 307-455-3334
Email: lcunningham@law.gwu.edu

Zachary Wolfe, Esq.
D.C. Bar No. 463548
People's Law Resource Center
1725 I Street, NW, Suite 300
Washington, DC 20006
Phone: 202 265 5965
email: zwolfe@peopleslawresourcecenter.org

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO AMEND ANSWER and a proposed Order has been made through the Court's electronic transmission facilities on this 24th day of June, 2008.

/s/ Lynn E. Cunningham
Lynn E. Cunningham, Esq. (D.C. Bar No. 221598)
Attorney for Plaintiff